## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

RECEIVED

2005 SEP 25 ⊃ 1: 28

| | |
|---|---|
| **KINEDI WALLACE, a minor by** )<br>**and through her next best friend** )<br>**and mother MAUREEN KING** )<br> )<br>    **Plaintiffs,** )<br> )<br>**vs.** )<br> )<br>**JANIE KATHLEEN OSBORN** )<br> )<br>    **Defendant.** ) | **CASE NO.:** 3·06CV 856- m<br>                               E<br>                               F |

## NOTICE OF REMOVAL & REQUEST FOR CONSOLIDATION
## WITH SIMULTANEOUSLY REMOVED CASES

COMES NOW the Defendant, JANIE KATHLEEN OSBORN, an individual,

and files this Notice of Removal of this action from the Circuit Court of Macon

County, Alabama, to the United States District Court for the Middle District of

Alabama, Eastern Division. As grounds hereto, this Defendant shows unto the Court

as follows:

### BACKGROUND OF THIS ACTION

1.    The above-entitled cause was filed in the Circuit Court for Macon

County, Alabama, on or about <u>September 28, 2005</u> and is now pending therein. A

complete copy of the lawsuit along with all State Court pleadings are attached as

Exhibit "1" and are incorporated herein by reference. This case is being removed within 30 days of receipt of a pleading which indicates the case is removable and within one year of the commencement of this action.

2.    Said action is of a civil nature at law whereby Plaintiffs seek to recover damages in excess of $75,000 from the Defendants, exclusive of interest and costs. (See this Defendant's discussion of jurisdiction pursuant to § 1332 *infra).*

3.    The above-referenced lawsuit arises from a motor vehicle accident that occurred on July 8, 2005 in Macon County, Alabama. The Defendant, Janie Kathleen Osburn, was the driver of one of two vehicles involved. The other vehicle was being driven by Michaela Martina King. Plaintiffs allege that Plaintiffs, Maureen King, Marvin Freeman and Kinedi Wallace were all passengers in the vehicle being driven by Michaela Martina King. The Plaintiffs originally filed four (4) consecutive lawsuits in the Circuit Court for Macon County, Alabama bearing Case Nos.: CV 05-188, CV 05-189, CV 05-190 and CV 05-191.

## THE PLAINTIFF

4.    Upon information and belief, and as pled in the Plaintiffs' Complaint, the Plaintiffs are residents of Macon County, Alabama.

## THE REMOVING DEFENDANT

5.    At all times referred to in the Complaint, including the date of filing of

the Complaint, to present, the Defendant, Janie Kathleen Osborn, was an individual resident citizen of the State of Georgia.

## GROUNDS FOR REMOVAL

6.     This case is being removed pursuant to 28 U.S.C. §1441 et seq., inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

7.     Although the case stated by the initial pleading was not removable, this Notice of Removal is timely filed because it is submitted within 30 days after the receipt by this Defendant of a copy of other paper from which it could first be ascertained that the case had become removable. 28 U.S.C. § 1446(b). To wit, this action was originally filed against Janie Kathleen Osborn and included a <u>specific addendum clause</u> which sought damages **"not exceeding $70,000.00."** (See Plaintiffs' Complaint, attached along with all State Court pleadings as composit Exhibit "1" ).

8.     On <u>September 13, 2006</u>, counsel for this Defendant received correspondence from Plaintiff's counsel dated <u>September 12, 2006</u>. (Please see Affidavit of M. Brian Slaugther attached hereto as Exhibit "2"). Within Plaintiff's <u>September 12, 2006</u> letter Plaintiffs' counsel outlined a demand "on behalf of the Plaintiffs" for "policy limits." Through discovery, Plaintiff's counsel had previously

been informed of a total of $3,000,000.00 in insurance coverage consisting of primary and excess liability policies.    The receipt of Plaintiff's September 12, 2006 correspondence was the first written notice that Plaintiffs were seeking in excess of the amount originally claimed within the Complaint.  (Please see Affidavit of M. Brian Slaugther attached hereto as composit Exhibit "2").

9.    Pursuant to 28 U.S.C. § 1446 (b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable . . . "  Thus, the thirty day window in which a Defendant must remove a case begins to run only when that Defendant receives notice -- in whatever form -- that the case is now removable. In the instant case, this Notice of Removal is being filed within 30-days of the receipt of Plaintiffs' September 12, 2006 correspondence asserting a $3,000,000.00 "policy limits" demand.  The District Courts within the 11th Circuit have determined that a settlement demand letter constitutes an "other paper" as contemplated by 28 U.S.C. § 1446(b).  (Golden Apple Management Company, Inc. v. GEAC Computers, Inc. 990 F. Supp. 1364(M.D). Ala. 1998).  (Holding that a settlement negotiation letter may be specifically considered as a "other paper" from which removability may become first ascertainable and, thus, trigger a 30-day period for removal pursuant to

§ 1446(b).

10.    This Notice of Removal is also timely filed because it is being submitted within one year from the date of commencement of the action.

11.    A true and correct copy of this Notice of Removal is being served on counsel for Plaintiffs this date.

12.    A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Macon County, Alabama this date.

13.    No special bail was or is required in this action.

### JURISDICTION UNDER 28 U.S.C. §1332

14.    This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332 in that it is a civil action wherein the matter in controversy exceeds $75,000 exclusive of interest and costs and there is diversity of citizenship among the parties Plaintiff and Defendants.

15.    As to the amount in controversy, this Defendant directs the Court to Plaintiffs' demand letter of <u>September 12, 2006</u> asserting a $3,000,000.00 "policy limits" demand. (See attachment "A" to Exhibit "2").

16.    There is complete diversity of citizenship between the Plaintiffs and this Defendant as all Plaintiffs are resident citizens of the State of Alabama and this

Defendant is a resident citizen of the State of Georgia as pled with Plaintiff's Complaint.

## REQUEST FOR CONSOLIDATION

17.    This case arises out of an automobile accident which occurred on or about <u>July 8, 2005</u>. The Plaintiff herein and all Plaintiffs whose cases are being simultaneously removed have asserted that they were occupants of a motor vehicle which was struck by the vehicle driven by this Defendant, Janie Kathleen Osborn. All Plaintiffs assert negligence and wantonness on the part of this Defendant resulting in their injuries. Each of the individual Plaintiffs filed separate consecutive lawsuits in the Circuit Court for Macon County, Alabama asserting claims and liability against this Defendant arising from the same automobile accident in which all Plaintiffs were occupying the same vehicle. In virtually identical Complaints, each Plaintiff alleges identical causes of action based on the very same accident.

18.    Pursuant to Rule 42 of the Federal Rules of Civil Procedure, this Defendant respectfully requests this Court enter an Order consolidating the matters simultaneously removed and involving this very same accident. This Defendant asserts that these matters assert common questions of law and fact.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the above-entitled cause be removed to the United States District Court for the Middle

District of Alabama, Eastern Division, according to the statutes in such case made and

provided.

Respectfully submitted,

M. Keith Gann
Thomas E. Bazemore, III
Attorneys for Defendant

Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South
Birmingham, Alabama 35223
Telephone:  (205) 251-1193
Facsimile:  (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing **NOTICE OF REMOVAL & REQUEST FOR CONSOLIDATION WITH SIMULTANEOUSLY REMOVED CASES** has been served upon:

David M. Cowan, Esq.
MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209

R. Keith Thomas, Esq.
R. Keith Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

M. Brian Slaughter, Esq.
VARNER & ASSOCIATES
2600 Meadow Brook South
Suite 200
2600 Corporate Drive
Birmingham, Alabama 35242

by placing a copy of same in the U. S. Mail on **September 25, 2006.**

Of Counsel

EXHIBIT   1

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor, by and through )
her next best friend and mother, MAUREEN )
KING, )
                               )
       Plaintiff, )
                               )
v. )      Civil Action No.
                               )      CV-05-188
JANIE KATHLEEN OSBORN, )
                               )
       Defendant. )

## SUMMONS

Pursuant to Alabama Rule of Civil Procedure 4.1(c)(1), service is hereby requested by certified mail. You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant **Janie Kathleen Osborn.**

NOTICE TO: **Janie Kathleen Osborn**
                   **507 East 10th Street SE**
                   **Rome, Georgia 30161**

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to David M. Cowan, MANN, COWAN & POTTER, P.C., Attorney for Plaintiff, at Suite 601, 2000-B SouthBridge Parkway, Birmingham, Alabama 35209. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THIS COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time.

*Eddie D. Mallad*
                   Clerk of Court

DATED:   9/28/05

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor, by and through )
her next best friend and mother, MAUREEN )
KING, )
    )
       Plaintiff, )
    )
v. )    Civil Action No.
    )    *CV-05-188*
JANIE KATHLEEN OSBORN; Defendant No. )
1, being the correct legal designation of that or )
those persons or entities otherwise known as )
Janie Kathleen Osborn; Defendants Nos. 2, 3 )
and 4, being the correct legal designation of )
that or those persons or entities who committed )
those acts of negligence, as described in the )
body of this complaint; Defendants Nos. 5 and )
6, being the correct legal designation of that or )
those persons or entities who or which afforded )
any insurance coverage to either the driver or )
the owner of the motor vehicle(s) involved in )
the occurrence made the basis of this lawsuit; )
Defendants Nos. 7 and 8 being the correct legal )
designation of that or those persons or entities )
who are the successors or predecessors in )
interest to the named defendants, all of whose )
true and correct legal identities are unknown at )
this time, but will be added by amendment )
when ascertained, )
    )
    )
       Defendants. )

## **COMPLAINT**

1.    Kinedi Wallace (hereinafter "Wallace"), is a minor, by and through her next best

friend and mother, Maureen King, and is a resident citizen of Macon County, Alabama. The

Defendant Janie Kathleen Osborn (hereinafter "Osborn") is believed to be over the age of nineteen

(19) years and is a resident citizen of the State of Georgia.

2.    Fictitious Defendants are described as follows: Defendant No. 1, being the correct

legal designation of that or those persons or entities otherwise known as Janie Kathleen Osborn;

Defendants Nos. 2, 3 and 4, being the correct legal designation of that or those persons or entities who committed those acts of negligence, as described in the body of this complaint; Defendants Nos. 5 and 6, being the correct legal designation of that or those persons or entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in ) the occurrence made the basis of this lawsuit; Defendants Nos. 7 and 8 being the correct legal designation of that or those persons or entities who are the successors or predecessors in interest to the named defendants, all of whose true and correct legal identities are unknown at this time, but will be added by amendment when ascertained.

3.    The automobile accident made the basis of this complaint occurred within Macon County, Alabama. All acts which form the basis of this complaint occurred within two (2) years of the filing thereof.

4.    On or about July 08, 2005, upon a public highway, to-wit: U.S. Highway 80 at or near the intersection of Alabama Highway 186 and Macon County Road 89 Alabama Highway 14 at or near its intersection with Alabama Highway 49 in Macon County, Alabama, Defendant, Osborn, negligently and/or wantonly caused or allowed her motor vehicle to collide with a motor vehicle in which Wallace was a passenger.

5.    Based on the above described conduct of Defendant Osborn, the Plaintiff Wallace has damages for which she has not been paid.

**COUNT I**

6.    The Plaintiff Wallace adopts and realleges all preceding paragraphs.

7.    The Plaintiff Wallace avers that the above described conduct on the part of Defendant Osborn and Defendants Nos. 1 through 8 constitutes negligence and/or wantonness. Particularly,

2

the Plaintiff Wallace states that on the date and at the place of the automobile accident as is described herein, said Defendant Osborn and Defendants Nos. 1 through 8 did negligently and/or wantonly cause or allow a motor vehicle to collide with a motor vehicle in which Wallace was a passenger. Said negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries and damages hereinafter described.

8.    As a direct and proximate result of the above described conduct, Wallace has or will suffer the following:

    (a)    past, present, future and/or permanent injuries;

    (b)    medical expenses;

    (c)    physical pain, impairment, disfigurement, scarring and/or injury;

    (d)    mental anguish; and

    (e)    all other damages to which Wallace is entitled by law to maintain.


WHEREFORE, the Plaintiff demands judgment against the Defendant Osborn and Defendants Nos. 1 through 8, jointly and severally for such compensatory and punitive damages in an amount up to but not exceeding $70,000.

_____
DAVID M. COWAN
Attorney for Plaintiff

**OF COUNSEL:**

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663

3

RICHARD K. THOMAS
Attorney for Plaintiff

**OF COUNSEL:**

Richard K. Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083
Telephone: (334) 724-0035

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

_____
OF COUNSEL

**PLAINTIFF'S ADDRESS:**

Kinedi Wallace
508 Pleasant Springs Drive
Apartment #504
Tuskegee, Alabama 36083

**DEFENDANT'S ADDRESS:**

Janie Kathleen Osborn
507 East 10th Street SE
Rome, Georgia 30161

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

4

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| KINEDI WALLACE, a minor, by and through her next best friend and mother, MAUREEN KING,<br><br>      Plaintiff,<br><br>v.<br><br>JANIE KATHLEEN OSBORN,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.
**CV-05-188**

### PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT

COMES NOW the Plaintiff in the above-styled cause and pursuant to Rules 26, 33 and 34

of the ALABAMA RULES OF CIVIL PROCEDURE, request that each Defendant answer separately, in

writing and under oath the following interrogatories propounded by Plaintiff and to produce the

following documents for inspection and copying by counsel for Plaintiff:

### Definitions

As used herein:

1.      "Defendant", "you" and/or "your" means Janie Kathleen Osborn, respectively, or

any agents, representatives, attorneys, and any other person or persons acting (or who acted) or

purporting to act (or who purported to act) on this Defendant's behalf.

2.      The word "person(s)" means individuals and entities, including, without limitation,

sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts,

estates and any other legal, business or governmental entity.

3.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make

the interrogatory or request inclusive rather than exclusive. The use of the words "include(s)" and

"including" shall be construed to mean "without limitation."

4. The word "document(s)" is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of plaintiff, including without limitation:

> All writings; **e-mails;** studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; FAX transmissions; cables; memoranda; records; notes, reports summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board directors, committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5. The word "identify" when used with respect to an individual means to state such individual's: (a) full name, present or last known residence and business address(es) and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6. The word "identify" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., corporation, partnership, etc.);

2

and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories.

7.    The word "identify" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of) dictated or otherwise participated in the preparation of the document; (e) to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

### Continuing Interrogatories and Request for Production

These interrogatories and requests for production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these interrogatories and requests for production are obtained prior to trial.

### Instructions

Defendant should answer each interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial

3

answer is given.

Answers to these interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory, and, when an interrogatory has subdivisions, to each subdivision.

With respect to any interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the interrogatory or interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

## **INTERROGATORIES**

1.    Please state whether your name is correctly set forth as a Defendant in this case; if not, please state your correct name.

2.    Please give your present address, telephone number, Social Security number, driver's license number, and date of birth.

3.    Please identify, by giving the name, address, and last known telephone number, each and every person or witness known to you to have knowledge of any of the events, circumstances, issues and/or conditions set out in the Complaint.

4.    Please identify each and every person this Defendant contends or believes has

information or knowledge that would allegedly support any factual and/or legal defense raised in the

Answer, or that the Defendant intends to raise at the trial of this cause.

information or knowledge that would allegedly support any factual and/or legal defense raised in the Answer, or that the Defendant intends to raise at the trial of this cause.

     5.     With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

          a.     His/her name, address, and telephone number;

          b.     The name, address, and telephone number of his/her employer or the organization ith which he/she is associated in any professional capacity;

          c.     The field in which he/she is to be offered as an expert;

          d.     A summary of his/her qualifications within the field in which he/she is expected to testify;

          e.     The substance of the facts to which he/she is expected to testify; and

          f.     The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

     6.     Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the incident made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

     7.     Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

     8.     Please provide the following information for any and all policies of insurance (whether primary, secondary, excess, umbrella or otherwise) of any kind whatsoever that could

arguably be applicable or available to satisfy part or all of any judgment or settlement in this matter:

      a.    Full name of insurer(s);

      b.    Policy number(s);

      c.    Full description of the type of policy(ies); and

      d.    Limits of liability (single limit, per occurrence or otherwise).

9.    Within the twenty-four hours preceding the collision between the vehicle driven by you and the car operated by Plaintiff, had you:

      a.    Consumed any drugs, whether prescription medication or any other drug of any description; and/or

      b.    Consumed any alcoholic beverages.

10.    Describe your activities during the forty-eight hours preceding, the time of the collision described in the Complaint, including:

      a.    The times during which you had gone to and risen from bed; and

      b.    The names, addresses, telephone numbers of any and all persons who are known to you who were with you during that time.

11.    Please list each and every residence address you had from the date of the incident made the basis of this suit and for the five (5) years preceding.

12.    Please list each and every State in which you have held a driver's license of any kind during the past ten (10) years, and include in your answer the name under which you held the license and the driver's license number.

13.    Please state the status of your Georgia Driver's License at the time of the accident made the basis of this suit (i.e., suspended, revoked, etc.), and if said license was suspended or

revoked, please state the cause for this status.

14.     Please state whether there were any restrictions placed on your Georgia Driver's License at the time of the accident made the basis of this suit (i.e., corrective lens, etc.).

15.     Please state the approximate or estimated speed at which you were traveling immediately prior to impact at the time of the accident made the basis of this suit.

16.     Please list every moving vehicle violation for which you have been cited during the last ten (10) years, including but not limited to:

        a.     The county and state in which you were cited;

        b.     The date of the citation; and

        c.     The disposition of the citation (i.e., dismissed; guilty and fined and/or jail sentence, license suspended; etc.).

17.     Identify anyone who, to this Defendant's knowledge, made or submitted any written statement, report, and/or investigation of the occurrence made the basis of this lawsuit.

18.     Please identify, including the addresses, telephone numbers, and names of business and/or names of residents (if household other than your own), your destination at the time of the accident in question and where you had been immediately prior to said accident, and the reason for making the trip.

19.     Please describe in detail the accident which is the basis of this suit, describing how the accident occurred, your actions immediately prior to said accident and the actions of the Plaintiffs.

20.     List each and every defense known to you at this time that you presently intend to assert.

7

21.    List each and every defense known to you at this time that you presently intend to assert.

## REQUEST FOR PRODUCTION

The "**documents**" covered by this request are as follows:

1.    Any and all insurance agreements or policies (whether primary, excess, umbrella or otherwise) under which an insurance company might be liable to satisfy part or all of a judgment which may be entered in the above mentioned cause.

2.    A copy of the front and back of your Georgia Driver's License.

3.    Copies of any and photographs, or motion pictures of persons, places, or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence.

4.    Copies of any signed or unsigned statement, account, or report made by any persons, including p arties, who claim to have any knowledge whatsoever pertaining in any way to the occurrence referred to in the Complaint. (If you refuse to produce copies of any of the requested documents based upon attorney/client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account, or report was obtained, the name and address of the person who obtained said statement, account, or report, and the nature and specific subject matter of said statement, account, or report. Any and all medical bills, medical reports, hospital records, or doctor's records reflecting any examinations, tests or treatment received by you as a result of the collision made the basis of this suit.

8

5.      List of witnesses or any other person who may be called by the defense to testify at trial.

6.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

7.      Any and all insurance policies (including declaration page) applicable to and in effect at the time of the incident made the basis of this suit

8.      Any and all insurance claim reports or accident reports filed on behalf of the Defendant.

9.      Please produce a copy of any and all policies of insurance which could possibly have afforded either of the Plaintiffs UM and/or UIM coverage for the incident made the basis of this suit.

DAVID M. COWAN
Attorney for Plaintiff

**OF COUNSEL:**

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663

RICHARD K. THOMAS
Attorney for Plaintiff

9

**OF COUNSEL:**

Richard K. Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083
Telephone: (334) 724-0035

_____
OF COUNSEL


**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL
DISCOVERY, BY CERTIFIED MAIL.**

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor, by and through )
her next best friend and mother, MAUREEN )
KING, )
                                 )

      Plaintiff, )
                                 )

v. )      Civil Action No.
                                 )      CV-05-188

JANIE KATHLEEN OSBORN, )

      Defendant. )

## NOTICE OF TAKING DEPOSITION

Please take notice that at **11:00 a.m.** on the **14th** day of **December, 2005**, at the law offices

of Mann, Cowan & Potter, P.C., located at 2000-B SouthBridge Parkway, Suite 601, Birmingham,

Alabama, the Plaintiff, will take the deposition of **JANIE KATHLEEN OSBORN**, upon oral

examination pursuant to Rule 30 of the Alabama Rules of Civil Procedure, for the purpose of

discovery, or for use as evidence in this action, or for both purposes, before a court reporter, a Notary

Public, or before some other officer authorized by law to administer oaths.


_____
DAVID M. COWAN
Attorney for Plaintiff


**OF COUNSEL:**

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663

RICHARD K. THOMAS
Attorney for Plaintiff

**OF COUNSEL:**

Richard K. Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083
Telephone: (334) 724-0035

OF COUNSEL

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

2

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V  2005  0188  ☐-☐<br>Date of Filing:   Judge Code:<br>09  28  XXX<br>Month  Day  Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ MACON COUNTY _____, ALABAMA
(Name of County)

Kinedi Wallace                    v.          Janie Kathleen Osborn

| **Plaintiff** | | **Defendant** | |
|---|---|---|---|
| First Plaintiff  ☐ Business  ☑ Individual | | First Defendant  ☐ Business  ☑ Individual | |
| ☐ Government  ☐ Other | | ☐ Government  ☐ Other | |

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):   F ☑ INITIAL FILING    A ☐ APPEAL FROM    O ☐ OTHER: _____
DISTRICT COURT
R ☐ REMANDED    T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

| **HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES ☐ NO | Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |
|---|---|

| **RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED | ☐ NO MONETARY AWARD REQUESTED |
|---|---|

**ATTORNEY CODE:**
C O W 0 0 2        9-27-05
Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

# MANN, COWAN & POTTER, P. C.

ATTORNEYS AT LAW

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

Kylie@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

September 27, 2005

Eddie D. Mallard, Circuit Clerk
Macon County Courthouse
101 E. Northside Street
Post Office Box 830723
Tuskegee, Alabama 36083-0723

Re:    *Kinedi Wallace v. Janie Kathleen Osborn*

Dear Mr. Mallard:

Enclosed please find documents we would like to have filed with your office:

1.    Civil Cover Sheet;
2.    Summons;
3.    Complaint;
4.    Discovery.

Also, enclosed is a check for the cost of this service, the appropriate certified mail, and a self-addressed stamped envelope for your convenience when returning a "filed" copy to this office.

With Kindest Regards,

MANN, COWAN & POTTER, P.C.

Kylie Wheelis,
Legal Assistant to
David M. Cowan

/kmw
Enclosure(s)

ALABAMA JUDICIAL DATA CENTER
COURT PAYMENT SYSTEM

COUNTY                                              RECEIPT NUMBER: 039941
DATE OF RECEIPT: 09/08/2005  TIME: 13:37:22
RECEIPT FOR CASE: CV 2005 000188 00      BATCH: 2006001
RECEIVED FROM: COWAN DAVID MORRISON


KINEDI WALLACE  VS  JANIE KATHLEEN OSBORN

ACCOUNTS RECEIPTED:
        CV05                              $333.00
        JDMD                              $100.00

RECEIVED BY: MAA        CHECK AMOUNT      $433.00

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Kathy C Osborn_  ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery <br> _Kathy C. Osborn_ |
| 1. Article Addressed to: <br><br> Janie Kathleen Osborn <br> 507 East 10th Street SE <br> Rome, Georgia 30161 | D. Is delivery address different from Item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No |
| | 3. Service Type <br> ☑ Certified Mail ☐ Express Mail <br> ☐ Registered ☑ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7004 2890 0002 8289 0362 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Eddie D. Mallard, Circuit Clerk
Macon County Courthouse
101 E. Northside Street
Post Office Box 830723
Tuskegee, Alabama 36083-0723

*CV-05-188  SξC*

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor by and
through her next best friend and
mother, MAUREEN KING,

      **Plaintiffs,**

v.

JANIE KATHLEEN OSBORN,

      **Defendant.**

**CIVIL ACTION NUMBER:**

**CV 05-188**

*FILED IN CIRCUIT CLERKS OFFICE MACON COUNTY, AL*
*2005 NOV 22 P 4: 14*
*EDDIE D. MALLARD CIRCUIT CLERK*

### ANSWER

      **COMES NOW** the defendant, Janie Kathleen Osborn, and answers the complaint as follows:

1. The general issue is plead, each and every material allegation contained in the complaint is denied, and strict proof thereof is demanded.

2. The complaint fails to state claims upon which relief can be granted.

3. Defendant avers that the accident was caused by a sudden emergency.

4. Defendant reserves the right to amend this answer.

**TRIAL BY STRUCK JURY IS DEMANDED**

By _MB_____

M. Brian Slaughter (SLA014)
Attorney for Defendant,
Janie Kathleen Osborn

**OF COUNSEL:**
**Varner & Associates**
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 981-3700

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing upon:

Richard K. Thomas
404 South Main Street
P. O. Box 830899
Tuskegee, AL 36083

David M. Cowan, Esq.
MANN, COWAN & POTTER
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL 35209

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This ___ day of November, 2005.

_MB_____
OF COUNSEL

anspkg.doc

**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**

| | |
|---|---|
| KINEDI WALLACE, a minor by and through her next best friend and mother, MAUREEN KING, | |
| **Plaintiffs,** | **CIVIL ACTION NUMBER:** |
| | **CV 05-188** |
| **v.** | |
| JANIE KATHLEEN OSBORN, | |
| **Defendant.** | |

EDDIE D. MALLARD
CIRCUIT CLERK

2005 NOV 22 P 4: 14

FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL

---

**NOTICE OF SERVICE OF DISCOVERY MATERIAL**

---

I hereby certify that a copy of the following designated discovery material has this date been served upon counsel for all parties to this action by United States mail, first class postage prepaid and properly addressed:

| | |
|---|---|
| [X] | Interrogatories to Plaintiff, Request for Production and Request for Admission to Plaintiff |
| [ ] | Defendant's Responses to Plaintiff's First Discovery |
| [ ] | Response to Plaintiff's Interrogatories |
| [ ] | Response to Request for Production |
| [ ] | Response to Request for Admissions |
| [ ] | Notice of Deposition |
| [ ] | Other: _____ |

By _____

M. Brian Slaughter (SLA014)
Attorney for Defendant,

**OF COUNSEL:**
**Varner & Associates**
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, Alabama 35242
(205) 981-3700

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing upon:

Richard K. Thomas
404 South Main Street
P. O. Box 830899
Tuskegee, AL 36083

David M. Cowan, Esq.
MANN, COWAN & POTTER
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL 35209

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This 21st day of November, 2005.

_____
OF COUNSEL

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

**ORDER**

The following cases shall be continued to the next term of Court:

CV-02-293    Pearsall v. Homecoming Financial, et. al.
CV-03-001    Ali v Edwards
CV-03-066    Johnson v. Strain, et. al.
CV-03-104    Tolbert v. Honda Motor Company, et. al.
CV-03-244    First National On Line Processing et. al. v. Marable, et. al.
CV-04-006    Sanford v. Miss Deanna' Childcare, et. al.
CV-04-047    Chambliss v. Salem Nursing & Rehabilitation Center, et. al.
CV-04-061    Davis-Young et. al., v. Wyeth, Inc., et. al.
CV-04-068    Cooper v. Macon County Greyhound Park, Inc.
CV-04-070    Johnson and Reese v. Blakely
CV-04-088    Anderson v. Slaughter, et. al.
CV-04-090    Huntley, et. al. v. Benson
CV-04-096    Gunn v. Continental General Insurance Company, et. al.
CV-04-121    Davis v. Ocwen Federal Bank, et. al.
CV-04-150    Maloy, et. al. v. Estes, et. al.
CV-04-157    Cardwell and Cole v. Gray
CV-04-175    Merriweather v. Macon County Greyhound Park Inc.
CV-04-184    Moore-Fitzpatrick, et. al. v. The Plantation Oaks of AL
CV-04-193    Whitehead, et. al. v. Hampton, et. al.
CV-04-198    Wood v. Macon County Greyhound Park Inc.
CV-04-199    Brown v. Norwest Bank of Minnesota
CV-04-210    Reynolds v. Calhoun, et. al.
CV-04-212    Cowan v. Three Springs, Inc. et. al.
CV-04-216    Fulford v. Market Street Mortgage, et. al.
CV-04-224    Dillard v. Homeq Servicing Corp, et. al.
CV-04-233    In re: Contest of the Probate of the May 17, 2000 will of CM Reynolds
CV-04-237    Miller v. American Medical Security, Inc., et. al.
CV-04-241    McKenzie v. Camp Watts Farms, et. al.
CV-04-242    Fields v. E.D. Nixon Apartments, Inc.
CV-05-001    Stinson v. American Medical Security, Inc., et. al.
CV-05-004    Devaughn v. Baldwin & State Farm
CV-05-009    Foston v. American Medical Security, Inc.
CV-05-013    Kimbrough v. American Medical Security, Inc.
CV-05-015    Ebo, et. al. v. Lifestar Response of Alabama, Inc.
CV-05-018    Avery v. Curry, et. al.
CV-05-019    Myhand v. American Medical Security, Inc.
Cv-05-021    Bowen v. American Medical Security, Inc.
CV-05-023    Lawrence v. Macon County Greyhound Park, Inc.
CV-05-036    Ford, et. al. v. Rocky Smith, et. al.
CV-05-042    Ford v. Rose

EDDIE D. MALL
CIRCUIT CLE
2006 JUL 14 P 3 58
FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL.

| CV-05-043 | Gibbs & Trimble v. Eagle Export Company |
| CV-05-061 | Wilson v. American Medical Security, Inc. |
| CV-05-065 | Cardwell v. American Medical Security, Inc. |
| CV-05-069 | Myers v. Ford Motor Company, et. al. |
| CV-05-070 | Crain v. Fuller, et. al. |
| CV-05-090 | Howard v. Baldwin Mutual Insurance Company |
| CV-05-093 | Jackson v. Goldstar Financial Inc., et. al. |
| CV-05-094 | Daniels v. Smith, et. al. |
| CV-05-110 | Turk v. Mims |
| CV-05-119 | Hatton v. Macon County, et. al. |
| CV-05-132 | Mitchell, as Administrator v. Hough, et. al. |
| CV-05-139 | Williams v. Chisholm |
| CV-05-140 | Ellington v. Howard Griggs Trucking, Inc., et. al. |
| CV-05-147 | Scott v. Macon County Commission |
| CV-05-153 | Woods, et. al. v. Auto Owners Insurance Company, et. al. |
| CV-05-168 | Cannon v. Globe Life & Accident Ins. Co., et. al. |
| CV-05-169 | Fort, as Administrator v. Nelson |
| CV-05-170 | Baker v. Mar-Mal, Inc. |
| CV-05-171 | Pitts v. Citizens Security Life Insurance Company, et. al. |
| CV-05-172 | Morris v. Thompson, et. al. |
| CV-05-173 | Jones v. Estate of Wingfield Wilson |
| CV-05-182 | Howard v. S&W Excavating & Grading Co. et. al. |
| CV-05-183 | Foy v. Macon County Greyhound Park, Inc. |
| CV-05-188 | Wallace v. Osborn |
| CV-05-189 | Freeman v. Osborn |
| CV-05-190 | King v. Osborn |
| CV-05-191 | King v. Osborn |
| CV-05-208 | Kirk v. The Plantation Oaks of Alabama, Inc., et. al. |
| CV-05-214 | Burton v. Lynch, et. al. |
| CV-05-242 | Greene v. Willoughby, et. al. |
| CV-05-243 | Cannon v. Utilities Board Of The City Of Tuskegee |

Signed this the 12th day of July, 2006.


RAY D. MARTIN
CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor by and )
Through her next friend and mother, )
MAUREEN KING, )
           Plaintiffs )
           )
VS. )      CASE NO. CV-2005-188
           )
JANIE KATHLEEN OSBORN, )
         Defendant )

### ORDER

    All pending motions in the above-styled cause are hereby set on the **4th** day of **April, 2006,** at 9:00 A.M.

    A copy of this order shall be sent by the Clerk to counsel of record and to any

party appearing pro se.

    DONE this the ___27___ day of __February_____, 200_6_.

                                    _____
                                      Circuit Judge

| **STATE OF ALABAMA** Revised 2/22/05 | **►Case No.:** |
|---|---|
| Unified Judicial System   Check one(Not for Workers' Comp, PFA, or SM Cl) | CV 05-188 |
| **Macon > County**   ☐ District Court   X Circuit Court | |

**Style of Case:**

KINEDI WALLACE, a minor by and through her next best friend and mother, MAUREEN KING,

      Plaintiffs,

v.

JANIE KATHLEEN OSBORN,

      Defendant.

# MOTION COVER SHEET

**Name of Filing Party:**

---

**Name, Address, and Telephone Number of Attorney or Party, if Not Represented:** M. Brian Slaughter, Varner & Associates
2600 Corporate Drive @ 2600 Meadow Brook South, Suite 200
Birmingham, Alabama 35242
Attorney Bar Number: SLA014

**To be filled out by Clerk of Court:**
☐ Filing Fee Charged & Collected (Amt)$_____
☐ Filing Fee Not Required (SM, Wrk Comp, PFA)
☐ Affidavit of Hardship on File

## TYPE OF MOTION (Check One)

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff — Only in CV cases, excl DR cases filed on the CV Docket ($297.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12 {b}) ($50.00) | X Consolidation |
| | ☐ Continue |
| | ☐ Deposition |
| | ☐ Designate as a Mediator |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Judgment as a Matter of Law (during trial) |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Disburse Funds |
| | ☐ Discovery |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Plaintiff's Motion to Dismiss or Stipulation/Dismissal |
| | ☐ Protective Order |
| ☐ Other _____, pursuant to Rule ____ ($50.00) | ☐ Quash |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Show Cause |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |

☐ Vacate or Modify
☐ Withdraw
☐ Other _____ Pursuant to Rule _____

| Check here if you have filed or are filing contemporaneously w/this Motion an Affidavit of Substantial Hardship ☐ | Date: 12/3/06 | Signature of Attorney or Party: MBAP |

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor by and
through her next best friend and
mother, MAUREEN KING,

      Plaintiffs,

v.

JANIE KATHLEEN OSBORN,

      Defendant.

CIVIL ACTION FILE NO.

CV 05-188

*(stamp: FILED IN CIRCUIT CLERKS OFFICE MACON COUNTY, AL  2006 FEB -7  P 4: 20  EDDIE D. HALL CIRCUIT CLERK)*

---

### DEFENDANT'S MOTION TO CONSOLIDATE

---

Comes now the defendant, Janie Kathleen Osborn, and respectfully requests this Court consolidate CV 05-188 with CV 05-189, CV 05-190, & CV 05-191. As grounds for this motion, the defendant says as follows:

1.    All lawsuits arise out of the same transaction or occurrence, to-wit: an automobile accident that occurred on or about 07/08/2005.

2.    Consolidation of the cases will avoid unnecessary costs and will promote judicial economy.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that the Court consolidate CV 05-188 with CV 05-189, CV 05-190, & CV 05-191.

By _____
M. Brian Slaughter (SLA014)
Attorney for Defendant

**OF COUNSEL:**
**Varner & Associates**
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 981-3700

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing upon:

Richard K. Thomas
404 South Main Street
P. O. Box 830899
Tuskegee, AL  36083

David M. Cowan, Esq.
MANN, COWAN & POTTER
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL  35209

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This __3rd__ day of February, 2006.

_____
OF COUNSEL

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor, by and )
through her next best friend and mother, )
MAUREEN KING, )
)
    Plaintiffs, )
)
v. )    Civil Action No.: CV-05-188
)
JANIE KATHLEEN OSBORN, )
)
    Defendant. )

## PLAINTIFF'S OBJECTION TO MOTION TO CONSOLIDATE

COMES NOW the Plaintiff, Kinedi Wallace, who hereby objects to the Motion to

Consolidate filed in this case. In support of this motion the Plaintiff states as follows:

1.    A literal reading of the Defendant's Motion to Consolidate suggests that this case

should be consolidated with three (3) other cases. As written, the Plaintiff does not understand how

a single case can be consolidated with three (3) further cases. Until such time as the Defendants

make it clear what action it requests from the Court, the Plaintiff objects to the Motion to

Consolidate.

Respectfully submitted,

DAVID M. COWAN
Attorney for Plaintiff

OF COUNSEL:

**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone:    (205) 879-9661
Facsimile:    (205) 879-9663

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

M. Brian Slaughter, Esq.                    R. Keith Thomas, Esq.
Varner & Associates                         R. Keith Thomas, L.L.C.
2600 Meadow Brook South, Suite 200          404 South Main Street
at 2600 Corporate Drive                     Post Office Box 830899
Birmingham, Alabama 35242                   Tuskegee, Alabama 36083

This the **O** day of _____**Feb**_____, 2006.

_____
OF COUNSEL

2

# MANN, COWAN & POTTER, P.C.

**ATTORNEYS AT LAW**

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

Kylie@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

February 13, 2006

Eddie D. Mallard, Circuit Clerk
Macon County Courthouse
101 E. Northside Street
Post Office Box 830723
Tuskegee, Alabama 36083-0723

Re:  *Kinedi Wallace v. Janie Kathleen Osborn*
Civil Action No.: CV-05-188

Dear Mr. Mallard:

Enclosed please find documents we would like to have filed with your office:

1.   Plaintiff's Objection to Motion to Consolidate.

Also, enclosed is a self-addressed stamped envelope for your convenience when returning a "filed" copy to this office.

With Kindest Regards,

MANN, COWAN & POTTER, P.C.

Kylie Wheelis,
Legal Assistant to
David M. Cowan

/kmw
Enclosure(s)

**STATE OF ALABAMA**
Unified Judicial System
_____Macon_____County

Revised 3/23/05
Check one *(Not for Workers' Comp., PFA, or Small Claims cases):*
☐ District Court   ☑ Circuit Court

▶ Case No.

CV-05-188

| Style of case: | Kinedi Wallace | **CIVIL MOTION COVER SHEET** |
|---|---|---|
| v. | Janie Kathleen Osborn | Name of Filing Party:   Kinedi Wallace (Plaintiff) |

| | |
|---|---|
| *Name, Address, and Telephone No. of Attorney or Party, If Not Represented:*<br>David M. Cowan, Esq., MANN, COWAN & POTTER, P.C.<br>2000-B SouthBridge Pkwy., Ste. 601, Birmingham, AL 35209 / (205) 879-9661<br>*Attorney Alabama State Bar No.:*   ASB-4957-W85D | To be filled out by Clerk of Court:<br>☐ Filing Fee Charged and Collected (Amt $_____)<br>☐ Filing Fee Not Required<br>☐ Affidavit of Hardship on File or State Agency |

## Type of Motion (Check One)

### Motions Requiring Fee

☐ Default Judgment ($50.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00)
☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment Pursuant to Rule 56 ($50.00)
☐ Other _____,
   pursuant to Rule_____($50.00)

\* Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Cost $_____

### Motions Not Requiring Fee

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Revive Judgment
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☑ Other_____Objection to Motion to Consolidate
   pursuant to Rule_____(Subject to filing fee)

Hearing Date:

| | | |
|---|---|---|
| *Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government.*   ☐ | Date:<br><br>02/13/2005 | Signature of Attorney or Party:<br><br>_David M. C_____ |

\* This Cover Sheet must be completed, signed by the filing attorney or party, and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
\*\* Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor, by and            )
through her next best friend and mother,   )
MAUREEN KING,                              )
                                           )
     Plaintiffs,                           )
                                           )
v.                                         )          Civil Action No.: CV-05-188
                                           )
JANIE KATHLEEN OSBORN,                     )
                                           )
     Defendant.                            )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:   CLERK OF COURT

     PLEASE TAKE NOTICE that the undersigned has on the __5__ day of **July, 2006,** served on counsel for all parties the following discovery documents:

     ( )   First Request for Production to Defendant
     ( )   Response to Request for Production
     ( )   First Set of Interrogatories to Defendant
     (x)   Answers to Interrogatories and Requests for Production of Defendant
     ( )   Request for Admissions
     ( )   Response to Request for Admissions
     ( )   Notice of Intent to Serve Subpoena
     ( )   Notice of Deposition

                                  _____
                                  DAVID M. COWAN
                                  Attorney for Plaintiff

OF COUNSEL:

**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone:   (205) 879-9661
Facsimile:   (205) 879-9663

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

M. Brian Slaughter, Esq.
Varner & Associates
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, Alabama 35242

R. Keith Thomas, Esq.
R. Keith Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

This the **5** day of **July**, 2006.

_____
OF COUNSEL

2

# MANN, COWAN & POTTER, P. C.

### ATTORNEYS AT LAW

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

Kylie@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

July 6, 2006

Eddie D. Mallard, Circuit Clerk
Macon County Courthouse
101 E. Northside Street
Post Office Box 830723
Tuskegee, Alabama 36083-0723

    Re:    *Kinedi Wallace v. Janie Kathleen Osborn*
            Civil Action No.: CV-05-188

Dear Mr. Mallard:

Enclosed please find documents we would like to have filed with your office:

1.    **Notice of Service of Discovery Documents.**

Also, enclosed is a self-addressed stamped envelope for your convenience when returning a "filed" copy to this office.

With Kindest Regards,

MANN, COWAN & POTTER, P.C.

Kylie Wheelis,
Legal Assistant to
David M. Cowan

/kmw
Enclosure(s)

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor, by and       )
through her next best friend and mother, )
MAUREEN KING,                           )
                                        )
    Plaintiffs,                     )
                                        )
v.                                      )    Civil Action No.: CV-05-188
                                        )
JANIE KATHLEEN OSBORN,                  )
                                        )
    Defendant.                      )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:   CLERK OF COURT

PLEASE TAKE NOTICE that the undersigned has on the __6__ day of **July, 2006,** served on counsel for all parties the following discovery documents:

( )   First Request for Production to Defendant
( )   Response to Request for Production
( )   First Set of Interrogatories to Defendant
( )   Answers to Interrogatories
( )   Request for Admissions
( )   Response to Request for Admissions
( )   Notice of Intent to Serve Subpoena
(x)   Notice of Deposition (7-10-06: Osborn)

_____
DAVID M. COWAN
Attorney for Plaintiff

OF COUNSEL:

**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone:   (205) 879-9661
Facsimile:   (205) 879-9663

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows via facsimile transmission:

M. Brian Slaughter, Esq.
Varner & Associates
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, Alabama 35242

R. Keith Thomas, Esq.
R. Keith Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

This the _6_ day of ___July___, 2006.

_____
OF COUNSEL

2

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

### SCHEDULING ORDER

It is hereby Ordered that there be a call of the Civil Jury Docket for the Circuit Court of Macon County on Tuesday, July 11, 2006, at 9:00 a.m. By way of this Order all cases on the attached docket are hereby set for trial on Monday, August 21, 2006, at 9:00 a.m. On the Docket Call of July 11, 2006, the Court will entertain special setting of certain cases where warranted under the circumstances. Unless otherwise agreed upon by counsel, and subject to other pre-trial orders which may have been or which may be entered:

1. At least ten (10) days prior to trial the parties shall furnish to each other all photographs, bills, statements or other exhibits they intend to introduce into evidence, whether in possession of counsel, their client, or witnesses. In the event any exhibit exceeds seven (7) pages, counsel shall make that document available for inspection. All of the above shall be deemed authentic and admissible without predicate unless the opposing party objects in writing within three (3) days of receipt. Provided, however, that this provision is not intended to make legally inadmissible evidence admissible. Parties are not required to furnish copies of exhibits previously filed pursuant to a subpoena duces tecum or which may have been produced in the course of discovery. However, counsel shall list those items.

2. In addition to the above provision, all doctor and medical bills, and any hospital records furnished to counsel during discovery or otherwise during the course of trial preparation shall be deemed reasonable and necessary. Said medical bills and hospital records shall be admissible without further predicate unless the opposing party objects within three (3) days of receipt.

3. At least fifteen (15) days prior to trial counsel shall exchange witness lists to include addresses. This provision does not apply to rebuttal witnesses. Counsel may supplement this list up to ten (10) days prior to trial.

4. If any of the information contained in the above paragraphs is furnished by mail, it shall be post-marked at least eighteen (18) prior to trial.

5. A trial docket will be sent to counsel by the Circuit Clerk's Office.

6. Discovery shall be complete ten (10) days prior to trial. Provided, however, that the Court may allow discovery within ten (10) days of trial in special circumstances.

7. Unless an objection is interposed within ten (10) days of the date of the filing of this Order all parties will be deemed to be properly named.

A copy of this Scheduling Order shall be sent to counsel in each case.

Signed this the 6th day of June, 2006.

RAY D. MARTIN
CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor by and
through her next best friend and
mother, MAUREEN KING,

     Plaintiffs,

v.

JANIE KATHLEEN OSBORN,

     Defendant.

CIVIL ACTION FILE NO.:

CV 05-188

### ORDER

     The Court, after having considered the Defendant's Motion to Consolidate, is of the opinion that the same is due to be granted. It is hereby **ORDERED, ADJUDGED, and DECREED**, that the following cases are consolidated: CV 05-188, CV 05-189, CV 05-190, and CV 05-191.  The Court notes that the parties have stipulated that the consolidation of these civil actions does not make this matter removable to Federal Court.

     **DONE** and **ORDERED**, this the ___7___ day of ___April___, 2006.

_____
CIRCUIT COURT

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor by and
through her next best friend and
mother, MAUREEN KING,

      Plaintiffs,

v.

JANIE KATHLEEN OSBORN,

      Defendant.

**CIVIL ACTION NUMBER:**

**CV 05-188 consolidated with
CV 05-189, CV 05-190, CV 05-191**

---

## NOTICE OF DEPOSITION

---

PLEASE TAKE NOTICE, that at the date, time and place indicated below, the undersigned will proceed to take the deposition testimony upon oral examination for the purpose of discovery, or for use as evidence in this action, or for both purposes, before a Notary Public or before some other officer authorized by law to administer oaths upon the following at the given date and location:

DEPONENT      :      Michaela King
                           Maureen King
                           Marvin Freeman
                           Keneida Wallace

DATE           :      July 13, 2006 beginning at 10:00 a.m.

PLACE        :      Richard K. Thomas
                           404 South Main Street
                           Tuskegee, AL  36083

M. Brian Slaughter (SLA014)
Attorney for Defendant(s),

**OF COUNSEL:**
**Varner & Associates**
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 981-3700

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing

document upon:

Richard K. Thomas
404 South Main Street
P. O. Box 830899
Tuskegee, AL 36083

David M. Cowan, Esq.
MANN, COWAN & POTTER
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL 35209

by placing a copy of same in the United States Mail in a properly addressed envelope

with sufficient postage thereon to ensure delivery.

This the ____6____ day of July, 2006.

OF COUNSEL

ct: Foshee & Turner

2

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

KINEDI WALLACE, a minor by and
through her next best friend and
mother, MAUREEN KING,

     **Plaintiffs,**

v.

JANIE KATHLEEN OSBORN,

     **Defendant.**

**CIVIL ACTION NUMBER:**

**CV 05-188 consolidated with
CV 05-189, CV 05-190, CV 05-191**

---

## DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST
## FOR PRODUCTION OF DOCUMENTS

---

1.    See attached.

2.    Will produce at deposition.

3.    See attached.

4.    See objection heretofore filed. Without waiving said objection, the statement of Michela King is produced.

5.    A witness list will be provided in accordance with any applicable pre-trial order.

6.    An exhibit list will be provided in accordance with any applicable pre-trial order.

7.    See attached.

8.    See objection heretofore filed.

9.    None.

By _____
M. Brian Slaughter (SLA014)
Attorney for Defendant(s),

**OF COUNSEL**:
Varner & Associates
2600 Meadow Brook South, Suite 200
at 2600 Corporate Drive
Birmingham, AL 35242
(205) 981-3700


## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing upon:

Richard K. Thomas
404 South Main Street
P. O. Box 830899
Tuskegee, AL  36083

David M. Cowan, Esq.
MANN, COWAN & POTTER
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL  35209

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This 6ᵗʰ day of July, 2006.

_____
OF COUNSEL

1

2

3                         IN RE:

4              CLAIM NUMBER P8226673

5

6

7

8      RECORDED TELEPHONE STATEMENT OF

9                  MICHAELA KING

10

11

12   DATE:  July 12, 2005

13   TIME:  10:00 a.m.

14

15

16

17

18

19

20

21

22

23

```
 1                EXAMINATION

 2

 3        Q.     This is Sharon Major.

 4   Today's date is July 12, 2005.  The time

 5   is approximately 10:00 a.m.  I am calling

 6   from Atlanta, Georgia, at 678-475-6071,

 7   speaking with Michaela King in regards to

 8   an accident that happened on July 8,

 9   2005.

10                Could you give me your full

11   name and spell your last name, please?

12        A.     Michaela Martina King.  Last

13   name K-i-n-g.

14        Q.     And do you realize that I am

15   recording this information, and I have

16   your permission to do so?

17        A.     Yes, I do.

18        Q.     And your home address,

19   please?

20        A.     508 Pleasant Springs Drive,

21   Apartment 504.

22        Q.     And that's in what city and

23   state?
```

```
 1          A.      Tuskegee, Alabama.

 2          Q.      Your home telephone number?

 3          A.      (Inaudible.)

 4          Q.      And do you have a business

 5   phone number?

 6          A.      Yes.  My work number is

 7   727-7150.

 8          Q.      And what kind of work do you

 9   do?

10          A.      I work at McDonald's.

11          Q.      Okay.  And your date of

12   birth?

13          A.      March the 5th, 1988.

14          Q.      And what kind of vehicle were

15   you driving?

16          A.      A 1999 Kia Sophia.

17          Q.      Two or four door?

18          A.      (Inaudible).

19          Q.      Is it a --

20          A.      It was a four-door.

21          Q.      Four door?  And where is the

22   damage on your vehicle?

23          A.      Front (inaudible), windshield
```

```
 1    is cracked (inaudible).

 2            Q.      Where was your vehicle towed

 3    to?

 4            A.      (Inaudible.)

 5            Q.      What's the name of it?

 6            A.      (Inaudible).

 7            Q.      Spell it, please.

 8            A.      (Inaudible.)

 9            Q.      And were you in the car by

10    yourself?

11            A.      I was driving, my boyfriend

12    was in the passenger seat, my mom was in

13    the back seat, and my sister was in the

14    car seat behind the driver's seat.

15            Q.      And did everyone have their

16    seat belts on?

17            A.      My sister is the only one

18    that had hers on.

19            Q.      You didn't have your seat

20    belt on?

21            A.      Right.

22            Q.      Okay.  And this happened

23    when?
```

```
 1          A.      July 8.

 2          Q.      At about what time of day?

 3          A.      About 8 o'clock.

 4          Q.      And where did this happen?

 5          A.      It was on 29, I believe.   On

 6   the papers, he had U.S. 80 and I-85.    It

 7   was on U.S. 80.

 8          Q.      And what city is that?

 9          A.      (Inaudible.)

10          Q.      And what state?

11          A.      Alabama.

12          Q.      And which road were you

13   actually traveling on?

14          A.      Twenty-nine.

15          Q.      You were on 29?

16          A.      Yes.

17          Q.      And this particular roadway,

18   is it a one-lane in each direction or two

19   lanes or --

20          A.      Where we were, it was one

21   lane each direction.

22          Q.      Okay.   And the area that you

23   were in, is this a commercial area or is
```

1    it residential?

2         A.    I'm not sure what that means.

3         Q.    Okay.  Are there businesses

4    on this roadway?

5         A.    Yes.  It was a -- she was

6    pulling out from a gas station.

7         Q.    Okay.  And how was the

8    weather at the time?

9         A.    It was a little cloudy, but

10   there was no rain.  It hadn't been wet or

11   anything.  It was cloudy.

12        Q.    Okay.

13        A.    It was light outside.

14        Q.    It was light outside?

15        A.    Yes, it was light.  And I did

16   have on headlights.

17        Q.    Okay.  You said it was about

18   8 o'clock in the evening and you had your

19   headlights on?

20        A.    Yes.

21        Q.    And did you have your

22   windshield wipers on also?

23        A.    No, I didn't.

1        Q.      What is the posted speed in

2    this area?

3        A.      It's 55 miles an hour.

4        Q.      And how fast were you

5    traveling?

6        A.      Uhm, I'd say about 35 to 40

7    miles because she -- she had inched up

8    toward the street, so I slowed down.  But

9    then she put on brakes.  That's what

10   made me try to pick back up speed because

11   I thought she saw me.  So I was going

12   maybe 35 or 40.  I wasn't going 55.

13       Q.      Tell me what happened.

14       A.      I was traveling from Auburn,

15   coming (inaudible).  And I was -- as I

16   came up on (inaudible), which is the gas

17   station she was at, I saw her inching up

18   toward the street.  So, like I said, I

19   broke my speed and I was going to stop.

20   But she put on brakes.  And, you know,

21   there were no cars coming from the other

22   way, so that made me think that she saw

23   me because there was no other reason for

1    her to put on brakes because there was no

2    more cars there.

3              And as I accelerated, you

4    know, to bring my vehicle up to maybe 35

5    or 40, that's when I got maybe about

6    (inaudible) feet away from her, and she

7    pulled out.  I put on brakes, but I

8    didn't have time to do anything because

9    she waited until I got, you know, right

10   up on her.  I couldn't swerve out; I

11   couldn't dodge her or anything.  So I had

12   to hit.

13             You know, she pulled out as

14   soon as I got up on her.  I put on

15   brakes, but I didn't have time to stop.

16        Q.    Okay.  And what part of your

17   vehicle hit her vehicle?

18        A.    The front end of my vehicle

19   hit her driver door.  She was driving a

20   2004 Highlander, so it hit the driver and

21   passenger door, you know, directly on the

22   side like (inaudible).

23             Q.    And what was the other

1    woman's name that was driving the other

2    vehicle?

3         A.    In the vehicle with me?

4         Q.    No, ma'am.  The vehicle that

5    you hit.

6         A.    Uhm, I think her name was

7    Kathy Osborn.

8         Q.    And do you have an address

9    for her?

10        A.    Yes, I do.  It's 507 East

11   Kent Street, Rome, Georgia.

12        Q.    And were there any passengers

13   in that vehicle also?

14        A.    Yes.  I think there was an

15   older lady passenger and there was a

16   young boy in the back.

17        Q.    And were the police called to

18   the scene?

19        A.    Uhm, yeah.  I think some

20   people that were standing around that saw

21   it, I think they saw what happened and

22   they talked to the police -- called the

23   police.

1          Q.      Did you get any witnesses'

2    names?

3          A.      I'm sorry?

4          Q.      Did you get witnesses' names?

5          A.      Uhm, no, ma'am.  The -- one

6    of them said that she was a nurse and she

7    was telling me to calm down because she

8    was saying that I was -- you know, I was

9    kind of frantic.  They were asking what

10   was wrong.

11              She told me her name, but I

12   don't remember.  But I was kind of

13   upset.  I do remember she gave me some

14   water.  You know, I don't remember

15   anybody's names.  They didn't tell me

16   their names.

17        Q.      Was there any discussion

18   between the two drivers prior to the

19   police getting to the scene?

20        A.      No, ma'am.

21        Q.      And no one, as far as you

22   know --

23        A.      Well, actually, she did roll

1    down her window sand say, I didn't see

2    you.  I said, what do you mean you didn't

3    see me?  But by that time, I ran back to

4    my car because my boyfriend was getting

5    out.  I was trying to get him

6    (inaudible).

7         Q.    Okay.  And did you attempt to

8    -- I mean, I realize that you saw her and

9    then you thought she was stopping so you

10   continued on.

11              Did you attempt to avoid her

12   by blowing your horn or swerving or

13   anything?

14        A.    I didn't have -- usually I

15   would blow my horn at people that do

16   that.  But, see, the way she pulled out

17   and the timing that she pulled out, I

18   wasn't able to, you know, do anything but

19   try to brake.  Because if I would've let

20   go of -- you know, my horn is not right

21   on the center.  It's on the side on the

22   steering wheel.

23              So I didn't have time to

1    beep.  That's how close I was to her when

2    she pulled out.  I mean, I was right

3    there.  You know, I wasn't no way away

4    from her when she pulled out.

5              So it made like a perfect "T"

6    because she pulled out as soon as I got

7    up on her, so I didn't have time to try

8    to swerve out or anything.

9         Q.    Is there anything else that

10   you would like to add regarding how it

11   all happened?

12        A.    Uhm, not -- no.  That's

13   exactly how it happened.  I mean, I don't

14   know if she was looking one way, but I do

15   know she said, "I did not see you."

16   That's all that I can say.

17        Q.    Okay.  And you've understood

18   all my questions and answered them to the

19   best of your knowledge?

20        A.    Yes, ma'am.

21        Q.    And if I have your

22   permission, at this time I would like to

23   turn off the recorder.

1          A.        Okay.

2          Q.        The time is now 10:10 a.m.

3

4                    (END OF TAPE.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

```
 1                    C E R T I F I C A T E

 2

 3    STATE OF ALABAMA)

 4    JEFFERSON COUNTY)

 5

 6              I hereby certify that the above

 7    and foregoing tape transcription

 8    represents a true and correct transcript

 9    of the recorded statement given by said

10    witness.

11              I further certify that I am

12    neither of counsel nor of kin to the

13    parties to the action, nor am I in

14    anywise interested in the result of said

15    cause.

16

17

18

19

20

21              CINDY WILLIAMS, COMMISSIONER

22

23
```

Photos and Other Documents    Print Images



**IM000179.JPG, Claim Number: P8226673**



**IM000178.JPG, Claim Number: P8226673**



**IM000176.JPG, Claim Number: P8226673**



**IM000175.JPG, Claim Number: P8226673**



IM000174.JPG, Claim Number: P8226673

KINGIN~1.PDF

KINGAP~1.PDF

# USP Deluxe Package
# Renewal Policy Coverage Summary

ENCOMPASS.

Formerly known as CNA Personal Insurance

**Policyholder:**
LARRY H OSBORN
507 EAST 10TH STREET
ROME GA 30161-6215

**Agent:**
GARNER AND GLOVER COMPANY
P. O. BOX 31
ROME GA 30162
PHONE: 706-291-7380 · 380-954189-0000

**Policy Number:**
148073760

**Policy Period:**
06/30/2005 to 06/30/2006 12:01 AM Standard Time

**Policyholder Since:**
06/1984

**Insurance Provided By:**
Encompass Ins. Co. of America
2775 Sanders Rd.; Northbrook, IL 60062-6127

24 HOUR CLAIM REPORTING 800-588-7400

## MOTOR VEHICLE PROTECTION

**(Coverage applies only if a premium or limit is shown)**

|  | Vehicle 1 | Vehicle 2 |
|---|---|---|
| **Description:** | 1987  DODGE TRUC DAKOTA | 2004   TOY. TRUCK HIGHLANDER |
| **VIN:** | 1B7FR14M7HS527763 | JTEDP21A440014999 |
| **Rated Driver:** |  | JANIE K OSBORN |
| **Use:** | Pleasure | Pleasure |
| **Class Code:** | 801120 | 801120 |

| COVERAGES | LIMITS | PREMIUMS | LIMITS | PREMIUMS |
|---|---|---|---|---|
| PERSONAL LIABILITY (per accident) | $ 500,000 | $ 195.00 | $ 500,000 | $ 195.00 |
| MEDICAL EXPENSE | $ 5,000 | $ 36.00 | $ 5,000 | $ 27.00 |
| UNINSURED MOTORISTS - INCLUDING PROPERTY DAMAGE (PD) | $ 100,000 | $ See Below | $ 100,000 | $ See Below |
| $ 250 BI Deductible |  |  |  |  |
| $ 250 PD Deductible |  |  |  |  |
| COMPREHENSIVE (Comp) |  |  | $ 100 Deductible | $ 150.00 |
| COLLISION (Coll) |  |  | $ 500 Deductible | $ 359.00 |
| TOWING |  |  | $ 50 | $ Included |
| EXTENDED TRANSPORTATION Rental Reimbursement |  |  | $ 30/900 Per Day/Maximum | $ Included |
| Trip interruption |  |  | $ 100/500 Per Day/Maximum | $ Included |
| Emergency Transportation |  |  | $ 20 | $ Included |
| **Premium Per Vehicle** |  | $ 231.00 |  | $ 731.00 |

|  | Vehicle 3 | Vehicle |
|---|---|---|
| **Description:** | 2005   TOY. TRUCK TACOMA |  |
| **VIN:** | 5TEKU72N05Z026734 |  |
| **Rated Driver:** | LARRY H OSBORN |  |
| **Use:** | Pleasure |  |
| **Class Code:** | 801120 |  |

148073760

_Sorheleen N_
Chairman of the Board

_Jon Konnter_
Secretary

Continued on Next Page

## MOTOR VEHICLE PROTECTION

(Coverage applies only if a premium or limit is shown)

| COVERAGES | Vehicle 3 LIMITS | PREMIUMS | Vehicle LIMITS | PREMIUMS |
|---|---|---|---|---|
| PERSONAL LIABILITY (per accident) | $ 500,000 | $ 187.00 | | |
| MEDICAL EXPENSE | $ 5,000 | $ 25.00 | | |
| UNINSURED MOTORISTS - INCLUDING PROPERTY DAMAGE (PD) | $ 100,000 | $ See Below | | |
| $ 250 BI Deductible | | | | |
| $ 250 PD Deductible | | | | |
| COMPREHENSIVE (Comp) | $ 100 Deductible | $ 246.00 | | |
| COLLISION (Coll) | $ 500 Deductible | $ 483.00 | | |
| TOWING | $ 50 | $ Included | | |
| EXTENDED TRANSPORTATION | | | | |
| Rental Reimbursement | $ 30/900 Per Day/Maximum | $ Included | | |
| Trip Interruption | $ 100/500 Per Day/Maximum | $ Included | | |
| Emergency Transportation | $ 20 | $ Included | | |
| **Premium Per Vehicle** | | $ 941.00 | | |

Premium for all "Uninsured Motorists-type" coverages are shown separately.

| DISCOUNTS AND CHARGES | Vehicle 1 | Vehicle 2 | Vehicle 3 |
|---|---|---|---|
| Preferred Rate Discount | Applied | Applied | Applied |
| Multiple Car Discount | Applied | Applied | Applied |
| Loss Free Discount | Applied | | Applied |
| Anti-Lock Brake Discount | | Applied | Applied |
| Passive Restraint Discount (Driver and Passenger side) | | Applied | Applied |

## TOTAL VEHICLE(S) PREMIUMS AND CHARGES

**Discounts And Charges For All Vehicles**

| | | |
|---|---|---|
| Package Discount | | Applied |
| Uninsured Motorists Premium for all Vehicles | $ | 144.00 |
| **Your Total Premium For All Vehicles** | $ | 2,047.00 |

### DRIVER INFORMATION

| Name | Years Licensed | Date of Birth | Drivers License Number |
|---|---|---|---|
| 01  LARRY H OSBORN | 47 | 08/30/1941 | 260623271 |
| 02  JANIE K OSBORN | 45 | 08/21/1943 | 430780478 |

148073760

Continued on Next Page

# USP Deluxe Package
# Renewal Policy Coverage Summary

Formerly known as CNA Personal Insurance

## HOME PROTECTION

(Coverage applies only if a premium or limit is shown)

**Residence 1 Description:** 507 EAST 10TH STREET, ROME, GA 30161

| COVERAGES | LIMITS | PREMIUMS |
|---|---|---|
| PROPERTY LOCATION LIMIT | $ 405,200 | $ 906.00 |
| Property Deductible | $ 500 | |

Your location limit is 200 % of the estimated residence value of
$ 202,600

The location limit is the total amount of insurance on your dwelling, contents
and other structures at this location.

| | | |
|---|---|---|
| LOSS OF USE | Per Policy $ | Included |
| PERSONAL LIABILITY | $ 500,000 $ | Included |
| MEDICAL EXPENSE | $ 5,000 $ | Included |
| SCHEDULED PERSONAL PROPERTY SUMMARY | $ 28,105 $ | 258.00 |
| (Refer to your Schedule for detailed itemization) | None | |
| Deductible | | |
| Jewelry | $ 13,925 $ | 207.00 |
| Furs | $ 8,000 $ | 34.00 |
| Silverware | $ 6,180 $ | 17.00 |
| PERSONAL PROPERTY PLUS | Per Endorsement $ | Included |

| | | |
|---|---|---|
| **Total Residence Premium** | | $ 1,164.00 |

### DISCOUNTS AND CHARGES — Residence 1

| | |
|---|---|
| Fire Alarm Discount (local, smoke detectors, dead bolt locks, fire extinguisher) | Applied |
| Renewal Discount | Applied |

### TOTAL HOME(S) PREMIUMS AND CHARGES

| | |
|---|---|
| **Discounts And Charges For All Homes** | |
| Package Discount | Applied |

| | |
|---|---|
| **Your Total Premium For All Homes** | $ 1,164.00 |

## OPTIONAL EXCESS PROTECTION

(Coverage applies only if a premium or limit is shown)

| COVERAGES | LIMITS |
|---|---|
| EXCESS LIABILITY: applies to all "covered exposures" and "additional covered exposures" | $2,500,000 |

148073760

Continued on Next Page

## OPTIONAL EXCESS PROTECTION

(Coverage applies **only if a premium or limit is shown**)

**COVERAGES**     **LIMITS**

MINIMUM RETAINED LIMIT: You must maintain this amount of underlying insurance.

Underlying insurance on a Combined Single Limit basis:    $500,000 each accident
Underlying insurance on a Split Limit basis:    $250,000 bodily injury each person
   $500,000 bodily injury each accident
   $100,000 property damage each accident

| | PREMIUMS |
|---|---|
| Motor Vehicle Premiums | |
|    Vehicle 1 | $ 37.00 |
|    Vehicle 2 | $ 37.00 |
|    Vehicle 3 | $ 37.00 |
| Residence Premiums | |
|    Residence 1 | $ 58.00 |
| **Total Annual Excess Liability Premium** | $ 169.00 |

## GENERAL POLICY INFORMATION

The coverages and limits shown here are subject to the restrictions, conditions, and exclusion of the policy and its endorsements.

### YOUR POLICY IS SUBJECT TO THE FOLLOWING FORMS AND ENDORSEMENTS

| | |
|---|---|
| *G1-14164-B (04-01) | AMENDMENT OF MOTOR VEHICLE PROVISIONS-GEORGIA |
| *G1-14165-G (03-04) | AMENDMENT OF HOME AND DWELLING FIRE PROVISIONS - GEORGIA |
| G1-14167-B (05-02) | UNINSURED MOTORISTS COVERAGE - GEORGIA - COMBINED SINGLE LIMIT |
| G1-14168-E (04-01) | OPTIONAL EXCESS LIABILITY COVERAGE ENDORSEMENT - GEORGIA |
| G1-14655-A (03-95) | PERSONAL PROPERTY PLUS |
| G1-15377-A (06-95) | TRANSITION ENDORSEMENT - DELUXE MOTOR VEHICLE SEGMENT |
| G1-15381-B (09-95) | TRANSITION ENDORSEMENT - DELUXE HOME SEGMENT |
| G1-28744-A (10-97) | COVERAGE CLARIFICATION ENDORSEMENT AND NOTICE |
| G-15335-C (09-93) | COMBINED SINGLE LIMIT |
| G-18534-A (09-93) | DELUXE-HOME |
| G-18536-A (09-93) | ELITE/DELUXE MOTOR VEHICLE |
| G-18538-A (09-93) | INTRODUCTION |
| G-18540-A (09-93) | GENERAL PROVISIONS |
| *G-42302-E (09-93) | SCHEDULED TANGIBLE PERSONAL PROPERTY ENDORSEMENT |

### PLEASE READ THIS IMPORTANT INFORMATION CONCERNING YOUR POLICY

| | |
|---|---|
| *G1-40173-B (05-01) | ENCOMPASS INSURANCE PRIVACY POLICY FOR CUSTOMERS |

148073760

## GENERAL POLICY INFORMATION

### PLEASE READ THIS IMPORTANT INFORMATION CONCERNING YOUR POLICY

| | |
|---|---|
| *G1-71106-A (06-04) | YOUR POLICY HAS CHANGED - DELUXE HOME |
| *G-39468-D | GEORGIA LIABILITY INSURANCE |
| | IDENTIFICATION CARD |
| *9-23210-E (04-00) | RENTAL AUTOMOBILE COVERAGE NOTICE |

The forms marked with "*" reflect revised or new forms included with this coverage summary.

## SUMMARY OF YOUR POLICY'S PREMIUMS

| Coverage Type | Premium |
|---|---|
| Motor Vehicle | $  2,047.00 |
| Home | $  1,164.00 |
| Optional Excess | $    169.00 |
| **Total For All Exposures** | $  3,380.00 |

For any insurance need, or questions on your policy, contact your independent agent, whose name and number are shown on the first page of this Coverage Summary.

148073760

# USP Deluxe Package
# Renewal Policy Coverage Summary



Formerly known as CNA Personal Insurance

## AGENT'S USE ONLY

### Policy Level

| | |
|---|---|
| Rating Plan | A |
| Renewal Number | 21 |

### Vehicle Level

| | Veh 1 | Veh 2 | Veh 3 |
|---|---|---|---|
| Territory | 24 | 24 | 24 |
| Symbol | | 08 | 15 |
| Performance | Std | Std | Std |
| Sex | | F | M |
| Marital Status | | M | M |
| Rate Level | P | P | P |

### Residence Level

| | Res 1 |
|---|---|
| Territory | 024 |
| Coverage Type | H03 |
| Miles to Fire Department | 05 |
| Feet to Hydrant | 1000 |
| Protection Class | 03 |
| Construction | F |
| Year Built | 1962 |
| Residence Type | Primary |
| Occupancy | Insured |
| # SPP Losses | 1 |

148073760

**ENCOMPASS.**
INSURANCE

# Your Optional Coverages

Formerly known as CNA Personal Insurance

## SCHEDULED TANGIBLE PERSONAL PROPERTY ENDORSEMENT

For an additional premium we cover the classes of scheduled *tangible personal property* shown in the Coverage Summary indicated by a limit of insurance.

### SCHEDULE

LOCATED AT:

507 EAST 10TH STREET        ROME            GA    30161

EFFECTIVE DATE:   06/30/05

| CLASS | | DESCRIPTION | | LIMITS |
|---|---|---|---|---|
| | **JEWELRY** | | | |
| *C | 1. | 14K LDS YG PIERCED MABE' PEARL EARRINGS | $ | 575 |
| *C | 2. | 14K LDS YG TRIPLE STRD PEARL BRAC W/93 PEARLS | $ | 600 |
| *C | 3. | 14K YG EARRING JACKETS 8 SAPPHIRES 1 1/2MM EA | $ | 220 |
| *C | 4. | 14K YG EARRINGS DIAMONDS .38CT TW | $ | 800 |
| *C | 7. | LDS 14K Y/G BAUME & MERCIR WRIST WATCH | $ | 4,350 |
| *C | 8. | LDS 14K YG BRAC 7" 2 RUBIES 2 SAPH DIAMONDS | $ | 1,145 |
| *C | 9. | LDS 14K YG ENGMT RING RND CUT DIAMOND .57CTS | $ | 1,975 |
| *C | 10. | LDS 14K YG WEDDING BAND | $ | 115 |
| *C | 11. | LDS 14KT Y/G 16"L 7MM DBL CIRCULAR LINK NECK | $ | 1,350 |
| *C | 12. | LDS 18K YG RING FULL CUT MELEE DIAMOND | $ | 600 |
| *C | 13. | PAIR 14KT Y/G EARS MULTI TUBE HOOP DESIGN | $ | 160 |
| *C | 14. | 18K YG DIAMOND WRAP RING | $ | 1,400 |
| *C | 16. | 14K LDS YG WOVEN LINK BRACELET W/TONGUE CATCH | $ | 635 |
| | **FURS** | | | |
| | 1. | LDS RANCH MINK COAT STYLE 9350 FROM DENMARK | $ | 8,000 |
| | **SILVERWARE** | | | |
| *C | 1. | 14 GORHAM CHANTILLY KNIVES | $ | 980 |
| *C | 2. | 14 GORHAM CHANTILLY SALAD FORKS | $ | 1,260 |
| *C | 3. | 15 GORHAM CHANTILLY FORKS | $ | 1,500 |
| *C | 4. | 18 GORHAM CHANTILLY TEASPOONS | $ | 1,440 |
| *C | 5. | 2 GORHAM CHANTILLY BUTTER SERVING KNIVES | $ | 130 |
| *C | 6. | 2 GORHAM CHANTILLY TABLESPOONS | $ | 370 |
| *C | 7. | GORHAM CHANTILLY BONBON NUT SPOON | $ | 80 |
| *C | 8. | GORHAM CHANTILLY COCKTAIL OYSTER FORK | $ | 80 |
| *C | 9. | GORHAM CHANTILLY ICED BEVERAGE SPOON | $ | 80 |
| *C | 10. | GORHAM CHANTILLY LUNCHEON FORK | $ | 100 |
| *C | 11. | GORHAM CHANTILLY LUNCHEON KNIFE | $ | 70 |
| *C | 12. | GORHAM CHANTILLY SUGAR SPOON | $ | 90 |

*C STATED VALUE APPLIES
COMPLETE DESCRIPTIONS AND/OR APPRAISALS ARE ON FILE WITH THE COMPANY

EXHIBIT   2

# AFFIDAVIT OF M. BRIAN SLAUGHTER

**STATE OF ALABAMA**
**SHELBY COUNTY**

Before me a Notary Public in and for said County and State personally appeared M. Brian Slaughter and after being duly sworn stated as follows:

1.    My name is M. Brian Slaughter and I am an attorney licensed to practice in the State of Alabama. This Affidavit is given in support of a Notice of Removal filed on behalf of Janie Kathleen Osborn.

2.    I am the attorney for Defendant Janie Kathleen Osborn in the consolidated lawsuits previously pending in the Circuit Court of Macon County, Alabama, more specifically:

*Kinedi Wallace v. Janie Kathleen Osborn*, Civil Action No. CV05-188
*Marvin Freeman v. Janie Kathleen Osborn*, Civil Action No. CV05-189
*Maureen King v. Janie Kathleen Osborn*, Civil Action No. CV05-190
*Michaela Martina King v. Janie Kathleen Osborn*, Civil Action No. CV05-191

3.    The above referenced suits grow out of a motor vehicle

1

accident that occurred on July 8, 2005, in Macon County, Alabama. My client, Janie Kathleen Osborn, was the driver of one of the two vehicles involved. The other vehicle was being driven by Michaela Martina King. It is alleged that Plaintiffs Maureen King, Marvin Freeman and Kinedi Wallace were passengers in the car being driven by Michaela Martina King.

4.     The Plaintiffs originally filed four separate lawsuits in the Circuit Court of Macon County, Alabama bearing case numbers: CV05-188, CV05-189, CV05-190 and CV05-191. On April 7, 2006, the Circuit Judge of Macon County, Alabama, entered an Order consolidating these cases.

5.     There is a diversity of citizenship between the Plaintiffs and the Defendants. The Plaintiffs are all residence citizens of the State of Alabama. The Defendant, Ms. Osborn, was and has been since the date of the accident a resident citizen of the State of Georgia.

6.     Although there was diversity of citizenship at the time the suits were filed in State Court, each of the Plaintiffs' Complaints sought "compensatory and punitive damages in an

2

amount up to <u>but not exceeding $70,000.00"</u>.    Thus, when the suits were filed, the amount in controversy, as alleged in the Complaints, was less than the jurisdictional requirement of $75,000.00 for the purpose of removal to Federal District Court.

7.    However, the amount in controversy has recently changed as a result of the Plaintiffs' attorney's written demand for "policy limits". More particularly, the Plaintiffs' attorney wrote a letter dated September 12, 2006, wherein he demanded "policy limits" to settle these cases. A true and correct copy of that letter, with enclosures, is attached hereto as Exhibit "A".

8.    There is a total of Three Million Dollars ($3,000,000.00) in insurance coverage, consisting of a primary policy with liability coverage of $500,000.00 and an excess liability policy with coverage of $2,500,000.00. Through discovery I had previously disclosed these policy limits to the Plaintiffs' attorney.

9.    My receipt of the attached correspondence dated September 12, 2006, was my first written notice that the Plaintiffs are seeking damages in excess of the amount originally claimed in their Complaint.

3

M. Brian Slaughter

Sworn to and subscribed before me this 20th day of September, 2006.

Notary Public

My Commission Expires: 08/23/08

4

# MANN, COWAN & POTTER, P. C.

ATTORNEYS AT LAW

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

David@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

September 12, 2006

**VARNER & ASSOCIATES**

**SEP 1 3 2006**

**RECEIVED**

M. Brian Slaughter, Esq.
Varner & Associates
2600 Meadow Brook South, Ste. 200
2600 Corporate Drive
Birmingham, Alabama 35242

Re:  *Maureen King, et al. v. Janie Kathleen Osborn*

Dear Brian:

Enclosed you will find reports from Dr. Tracy L. Hartford with Auburn Chiropractic Associates. Additionally, I enclose a copy of my letter to Dr. Hartford requesting these reports. I know that you have not yet deposed Mr. Freeman and I would be happy to put him up whenever you so desire.

On behalf of the Plaintiffs, we demand policy limits to settle this case. As you can see from the reports, my clients have permanent injuries, and they have been made to be more susceptible to future injuries.

Lastly, I enclose information out of the Alabama Jury Verdict Reporter. A couple of the cases were tried by Roger Varner in your firm. I certainly do not have to tell you the favorable results that are ordinarily reached in Macon County in cases of this type.

In the event of an excess verdict in this case, we will pursue the balance against your client's personal assets. Please pass this along to your carrier and lets discuss settling this case. I look forward to hearing from you.

With Kindest Regards,

MANN, COWAN & POTTER, P.C.

David M. Cowan

DMC/kmw
Enclosure(s)

cc:  R. Keith Thomas, Esq.



EXHIBIT

A

# MANN, COWAN & POTTER, P. C.

### ATTORNEYS AT LAW

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:
David@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

September 12, 2006

VARNER & ASSOCIATES

SEP 13 2006

RECEIVED

M. Brian Slaughter, Esq.
Varner & Associates
2600 Meadow Brook South, Ste. 200
2600 Corporate Drive
Birmingham, Alabama 35242

Re:  *Maureen King, et al. v. Janie Kathleen Osborn*

Dear Brian:

Enclosed you will find reports from Dr. Tracy L. Hartford with Auburn Chiropractic Associates. Additionally, I enclose a copy of my letter to Dr. Hartford requesting these reports. I know that you have not yet deposed Mr. Freeman and I would be happy to put him up whenever you so desire.

On behalf of the Plaintiffs, we demand policy limits to settle this case. As you can see from the reports, my clients have permanent injuries, and they have been made to be more susceptible to future injuries.

Lastly, I enclose information out of the Alabama Jury Verdict Reporter. A couple of the cases were tried by Roger Varner in your firm. I certainly do not have to tell you the favorable results that are ordinarily reached in Macon County in cases of this type.

In the event of an excess verdict in this case, we will pursue the balance against your client's personal assets. Please pass this along to your carrier and lets discuss settling this case. I look forward to hearing from you.

With Kindest Regards,

MANN, COWAN & POTTER, P.C.

David M. Cowan

DMC/kmw
Enclosure(s)

cc:  R. Keith Thomas, Esq.

**EXHIBIT**

A

# MANN, COWAN & POTTER, P.C.

ATTORNEYS AT LAW

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

David@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

July 19, 2006

Tracy L. Hartford, D.C.
Auburn Chiropractic Associates
1735 East University Drive
Auburn, Alabama 36830

        Re:  *Maureen King v. Janie Kathleen Osborn*
             *Michaela Martin King v. Janie Kathleen Osborn*
             *Marvin Freeman v. Janie Kathleen Osborn*

Dear Dr. Hartford:

    I am writing to you on behalf of Maureen King, Michaela King and
Marvin Freeman.  This case is currently in litigation and I am in need
of your opinions regarding your treatment of my clients.

    I need a report from you on each of the above referenced patients
regarding the following issues:

    1.   What is your diagnosis;
    2.   A general description of your treatment to date;
    3.   A general description of future treatment that you
         recommend (as well as the frequency thereof); and
    4.   The anticipated cost of your future treatment.

    For this service, I enclose a check in the amount of $350.00. If
your fee for providing this information is higher, simply let me know
and I will see that payment is made immediately.  Upon receipt of your
report, I will be forwarding it to counsel for the Defendant along
with my letter to you.  Please contact me if you have any questions.

                    With Kindest Regards,

                    MANN, COWAN & POTTER, P.C.

                    David M. Cowan

DMC/kmw

*August 28, 2006*

RE: *Mrs. Maureen King*
    *Date of Injury: July 8, 2005*
    *Date of Birth:  May 17, 1969*

## HISTORY:

*Mrs. Maureen King entered this office on January 12, 2006 for evaluation and treatment of injuries that were incurred in a motor vehicle accident on the above-referenced date.  Mrs. King reported that she was the right rear passenger of a car that struck a second automobile in a T-bone type collision.   She described the impact during which her left ankle was wedged under the front seat.  She reported that she received initial emergency medical treatment prior to her treatment at this facility.*

## SYMPTOMATOLOGY

*Lower back pain*

## DIAGNOSIS

*Traumatic sprain and strain injury of the lumbar spine*

## TREATMENT

*Chiropractic treatment consisted of spinal manipulation with adjunctive physical modalities provided to expedite and improve the quality of recovery.  Mrs. King received interferential electrical muscle stimulation, ultrasound, therapeutic massage and hydrotherapy.  She was instructed in the home application of heat and provided with a rehabilitative exercise regimen.*

## PROGNOSIS

*Mrs. King responded favorably to the conservative treatment regimen.  She has been released from therapeutic care relating to the injuries incurred in the above referenced motor vehicle accident.  We will continue to provide supportive treatment for this patient as needed.  Supportive treatment will most likely include spinal manipulation with physiotherapy modalities.  The cost may be similar to her existing charges which are approximately $120 per visit.*

*As with most musculoligamentous injuries, full strength is never regained.  The injured structures will be weaker, less flexible and less resilient to tensile type biomechanical stress. Musculoligamentous injuries often lead to aberrant joint motion and may culminate in progressive degenerative joint disease.  As a result of these injuries, Mrs. King is at increased risk for future injuries of the lumbar spine and accelerated degenerative changes at the involved/adjacent spinal segments.*

*Based on sixteen years of clinical experience in the treatment of spine injuries, it is my opinion that this patient will encounter 1-2 exacerbating events each year causing her to seek treatment for lower back pain.  It is reasonable to expect future treatment to result in $500-$1000 of expenses each year.*

*Dr. Tracy L. Hartford*

*August 28, 2006*

RE: *Miss Michaela Martin King*
     *Date of Injury: July 8, 2005*
     *Date of Birth: March 10, 1988*

## HISTORY:

*Miss Michaela King entered this office on January 12, 2006 for evaluation and treatment of injuries that were incurred in a motor vehicle accident on the above-referenced date. Miss King reported that she was the driver of a car that struck a second automobile in a T-bone type collision. Miss King reported that the second automobile abruptly interrupted her path of travel. She described the impact during which her knees struck the dash, arm hit the dash and the airbag struck her in the face. Additionally, she reported immediate swelling of her knees and neck pain. She received initial emergency medical treatment prior to her treatment at this facility.*

## SYMPTOMATOLOGY

*Headaches*
*Neck pain*
*Lower back pain*

## DIAGNOSIS

*Traumatic strain and sprain injury of the cervical spine with associated headaches*
*Traumatic sprain and strain injury of the lumbar spine*

## TREATMENT

*Chiropractic treatment consisted of spinal manipulation. The following physical modalities were provided to expedite and improve the quality of recovery: interferential electrical muscle stimulation, ultrasound, therapeutic massage and hydrotherapy. This patient was instructed in the home application of heat and provided with a rehabilitative exercise regimen.*

## PROGNOSIS

*Miss King responded favorably to the conservative treatment regimen. She has been released from therapeutic care relating to the injuries incurred in the above referenced motor vehicle accident. We will continue to provide supportive treatment for this patient as needed. Supportive treatment will most likely include spinal manipulation with physiotherapy modalities. The cost may be similar to her existing charges which are approximately $120 per visit.*

*As with most musculoligamentous injuries, full strength is never regained. The injured structures will be weaker, less flexible and less resilient to tensile type biomechanical stress. Musculoligamentous injuries often lead to aberrant joint motion and may culminate in progressive degenerative joint disease. As a result of these injuries, Miss King is at increased risk for future injuries of the cervical and lumbar spine and accelerated degenerative changes at the involved and adjacent spinal segments.*

*Based on sixteen years of clinical experience in the treatment of spine injuries, it is my opinion that this patient will encounter 1-2 exacerbating events each year causing her to seek treatment for lower back pain and/ or neck pain. It is reasonable to expect future treatment to result in $1000-$1500 of expenses each year.*

*Dr. Tracy L. Hartford*

*August 27, 2006*

RE: *Mr. Marvin Freeman*
    *Date of Injury: July 8, 2005*
    *Date of Birth: August 26, 1986*

## HISTORY:

Mr. Marvin Freeman entered this office on January 12, 2006 for evaluation and treatment of injuries that were incurred in an automobile collision on the above-referenced date. Mr. Freeman reported that he was the front passenger of a car that struck another automobile as it abruptly interrupted the path of travel. He described what is known as a T-bone type collision. He further reported that his knees struck the dash at the moment of impact. Mr. Freeman received medical treatment immediately following the accident.

## SYMPTOMATOLOGY
Lower back pain

## DIAGNOSIS
Traumatic sprain and strain injury of the lumbar spine complicated by mild thoracolumbar scoliosis

## TREATMENT
Chiropractic treatment consisted of spinal manipulation, interferential electrical muscle stimulation, ultrasound, therapeutic massage and superficial heat. This patient was instructed in the home application of heat and provided with a rehabilitative exercise regimen.

## PROGNOSIS
Mr. Freeman responded favorably to the conservative treatment regimen. He has been released from therapeutic care relating to the injury incurred in the above referenced motor vehicle accident. We will continue to provide supportive treatment for this patient as needed. Supportive treatment will most likely include spinal manipulation with physiotherapy modalities. The cost may be similar to his existing charges which are approximately $120 per visit.

As with most musculoligamentous injuries, full strength is never regained. The injured structures will be weaker, less flexible and less resilient to tensile type biomechanical stress. Musculoligamentous injuries often lead to aberrant joint motion and may culminate in progressive degenerative joint disease. As a result of these injuries, Mr. Freeman is at increased risk for future injuries of the lumbar spine and accelerated degenerative changes at the involved and adjacent spinal segments.

It is my opinion, which is based on sixteen years of clinical experience in the treatment of spine injuries; that this patient is likely to encounter 1-2 exacerbating events each year causing him to seek treatment for lower back pain. It is reasonable to expect future treatment to result in $500-$1000 of expenses each year.

*Dr. Tracy L. Hartford*

car to make the left turn. As he made it, Presley broadsided his car in a moderate collision, spinning it around 270 degrees.

For her part, Presley's liability theory was clear. Augustus made a sudden left turn in front of her, apparently occasioned by his impatience as he had waited several minutes for traffic to clear. His response was equally simple -- when he commenced the turn, the road was clear and only because of Presley's excessive speed was there a collision. His best evidence was she was speeding, it was argued, was the force of the impact which spun his vehicle around.

Fault issues aside, Presley has since complained of soft-tissue neck pain, plus for a brief time, headaches and nausea. She treated with Dr. Joseph Ray, Orthopedics, Mobile, incurring medical bills of $8,576. Impaired from her nurse position, lost wages were approximately $10,000.

Augustus defended on fault as noted above, also diminishing the claimed injuries. He noted that after this wreck, when applying for a new job, Presley had denied any prior injury. Moreover and in a coincidence, she was hired to treat defendant's grandmother. His mother recalled that Presley completed that treatment without incident.

The disputes would be resolved by a Mobile jury. The verdict was for Augustus and Presley took nothing. A defense judgment followed.

## Auto Negligence - Mother and daughter both claimed injury after a minor crash in a funeral home parking lot

*Ingram v. Farley,* 00-0402
Plaintiff:  Kenneth L. Funderburk, *Funderburk Day & Lane,* Columbus, GA
Defense:  Stanley A. Martin, Opelika
Verdict:  Defense verdict
Circuit:  **Russell,** 2-14-02
Judge:  Albert L. Johnson

In Phenix City on 2-19-00, there was a minor MVA in the parking lot of the Taylor Funeral Home. While stopped in the parking lot, Diana Ingram, age 44, was rear-ended by Robert Farley. A passenger with Ingram was her daughter, Shermeka, then age 16.

Both mother and daughter claimed injury, treating that day at the ER in Columbus, GA. They have since complained of soft-tissue symptoms, following with a chiropractor, Jay Brodwyn, Columbus, GA. More seriously injured, Brodwyn called mother's

symptoms myofascial. The record does not reflect the incurred medicals.

In this action, the mother-daughter tag team sought money damages from Farley. He minimized the crash, noting that initially, there was no damage and no injury, causing him to leave the scene. Only later were the police called. To the claimed injury, Farley called the symptoms entirely subjective.

As an aside, Farley also turned his focus to chiropractor Brodwyn. He impeached the doctor on two grounds, (1) his advertisements that were aimed at lawyers, hoping to generate business from car wrecks, and (2) an earlier suspension in Georgia for six months, predicated on false advertising, i.e, Brodwyn offered a free first visit to new customers, but didn't deliver.

Back to the tort claim, the verdict in Phenix City on Valentine's Day was for the defendant, the panel rejecting the claims of both plaintiffs. A defense verdict followed for Farley.

## Auto Negligence - Defendant exonerated in an unusual crash as after he blocked the roadway, causing plaintiff to stop, plaintiff was then rear-ended by a third car

*Head v. Hardin,* 01-0175
Plaintiff:  Charles J. Kelley, *Almon McAlister Baccus Hall & Kelley,* Tuscumbia
Defense:  Preston S. Trousdale, Jr., *Jones & Trousdale,* Florence
Verdict:  Defense verdict
Circuit:  **Colbert,** 2-21-02
Judge:  Harold V. Hughston, Jr.

This case started on 3-20-00 as Jeffrey Hardin pulled from the parking lot of a car dealer across Hwy 43 in Muscle Shoals, intending to turn left. Partially into the median, Hardin was waiting for traffic to clear. Importantly, while he was in the median, a part of his vehicle still blocked traffic on Hwy 43.

As this was happening, Robert Head, age 56, was approaching on Hwy 43. Seeing the road was blocked by Hardin's car, Head came to a stop. That set the stage for the third player in our drama, Clarence Mills. Also on Hwy 43, he couldn't stop in time, having just changed lanes from behind a tractor-trailer. Seeing Head at the last moment, Mills rear-ended his car. Incidentally, Hardin's vehicle was not involved in the collision.

Head has since treated for soft-tissue symptoms with Dr. Brad McAnelly, Orthopedics, Muscle Shoals. The

incurred medicals are not reflected in the record. Procedurally, Head first settled with Mills for his policy limits of $20,000. He then pursued Hardin.

His liability theory was predicated on Hardin having blocked the roadway. It was that negligence, concurrent with the fault of the since-settled Mills, that caused his injuries. Hardin defended on three grounds. First, he minimized the crash in the first place, calling it just a *clip.* As importantly and in any event, any fault by Hardin was superseded by Mills. Finally and to contributory fault, Head was also to blame as when stopping behind Hardin, he never honked his horn or took any sort of action to go around the stopped car.

Tried in February in Tuscumbia, the jury verdict was for Hardin, Head taking nothing. Judge Hughston entered a consistent defense judgment. Not implicated by the verdict as well was a silent UIM carrier, State Farm, that had opted out from participating at trial.

## Uninsured Motorist - Phantom driver ran plaintiff off the road and into a tree

*Fitzpatrick v. Allstate,* 00-0402
Plaintiff:  Robert Simms Thompson, Tuskegee
Defense:  Roger W. Varner, *Holloway & Associates,* Birmingham
Verdict:  $150,000 for plaintiff
Circuit:  **Macon,** 2-7-02
Judge:  Albert L. Johnson

It was a tough summer for Mary Fitzpatrick, age 52 and on 7-31-00, it became more difficult. Having just lost her long-time job as a spinner, she was traveling to the unemployment office on Hwy 110 near Union Springs. From the opposite direction, a phantom driver encroached her lane.

Fitzpatrick took evasive action and ran off the road into a tree. There was no contact with the unknown vehicle. The crash was significant and her vehicle was totaled. She suffered what initially looked to be just bruising, associated with her head and chest contacting the steering wheel.

Fitzpatrick has since complained of soft-tissue symptoms, but more troubling, a cognitive disorder and vertigo, all secondary to striking the steering wheel. The record indicates her medical bills were approximately $3,100.

The identity of the other driver would never be known and in this action, she sought uninsured motorist benefits from her insurer, Allstate. The limits of that

...ly, Gallups and her ...e flagged for fraud. ...e reporting the check, essentially ...ing Gallups' account, it also penned ...etter on 2-1-00. Sent to Gallups, it ...demanded payment for the $400 check, ...indicating it would remain in Toy R Us bad check files until paid. Gallups was not happy to have the letter, believing it had a threatening tone. Especially offended, Gallups wondered why it had been sent, as Toy R Us knew almost immediately the check was bad.

Compounding the error, she argued, the whole mess could have been averted if Toy R Us had followed its own policies. Namely, its policies prohibited counter checks and mandated that identification be confirmed. Had Toy R Us done either, the phony check would never have been accepted in the first place.

From this fact set, Gallups filed suit and alleged two counts, (1) defamation and (2) false light. She asserted defamation in flagging her account to SCAN and Equifax, even though it knew she had not written the check. This also placed her in the false light of a passing bad check. Her associated mental anguish included the affect on her credit rating and the ability to use checks. Gallups, a legal assistant at Goldberg & Associates, only sought compensatory damages at trial.

Toys R Us defended the case and denied there was any defamation. It postured it had only done one thing -- flag her account as having written a bad check. This was not only entirely reasonable, it was in fact, completely true. The source of the problem, Toy R Us focused, was not its conduct, but Gallups failure to open another account with a new account number. To this day, she continues to use the same account.

A Birmingham jury resolved this dispute, returning a verdict for Gallups. Her damages were valued at $14,000. A consistent judgment was entered by Judge Boohaker.

## Truck Negligence - Plaintiff's tired husband pulled to the shoulder of the interstate for a nap; moments later, a truck driver crashed into the parked car

*Taylor v. Landair Transport & Hodges,* 01-0224
Plaintiff: Robert Simms Thompson, Tuskegee
Defense: William F. McGowin, *Bradley Arant Rose & White*, Montgomery
Verdict: $500,000 for plaintiff
Circuit: **Macon,** 8-29-02
Judge: Howard F. Bryan

Arlena Taylor, age 59 of the Boston area, was on vacation with her husband, Curtis, on 8-22-01. Their travels took them into Alabama and onto southbound I-85. As fate would have it, as they entered Macon County, Curtis was overcome with fatigue. Not wishing to drive in a sleepy state, he elected instead to safely pull to the shoulder of the highway, traffic speeding by just a few feet away.

This same day, Billy Hodges was driving a tractor-trailer for Landair Transport. An instant later and for reasons that aren't clear, Hodges veered off the interstate and collided with the Taylor vehicle. Moderate damage resulted.

Still at the scene of the crash, no injury was reported. Their car damaged, the Taylors took a train back to Boston. While suffering from neck and back pain, Arlena did not first seek care until six days later.

Her doctor, Abraham Swartz, GP, Dorchester, MA, identified a persistent soft-tissue injury, sending Arlena to a course of physical therapy. It was his position that a permanent injury was sustained, the collision having sped up the degenerative process.

Plaintiff's incurred medical bills were approximately $15,000. She is also unable to work, having previously been employed at a department store. The injury mechanism was linked to her body being wrenched in the crash.

Hodges and Landair Transport defended the case on damages, eliciting proof from Swartz on cross-examination. Namely, it initially appeared that Arlena had only a soft-tissue strain, followed by three months of physical therapy. This was, defendants thought, consistent with a temporary soft-tissue injury. The ongoing pain, it was further argued, was likely exaggerated and a response to litigation.

A Tuskegee jury deliberated the case, returning a verdict for Arlena, awarding

her $500,000. Judge Bryan entered a consistent judgment. Pending is defendants' motion for a new trial that I called the damage award "patently excessive," especially for a soft-tissue injury with $15,000 of medicals. More explosive, it cited newly discovered evidence, namely, that Arlena had prior pain clinic treatment for back symptom: the 1990. However, in deposition, interrogatories and at trial, she denied a prior care, defendants suggesting she suppressed these facts. When reviewed by the AJVR, plaintiff had not respond to the motion.

## Utility Negligence - The water company dug a hole in plaintiff's yar to place water meter; exiting her car, plaintiff stepped into the hole, sufferi a meniscal tear

*Jackson v. Eufaula Water Works,* 00-0(
Plaintiff: Richard F. Horsley, *Goozee King & Horsley,* Birmingham
Defense: Jimmy S. Calton, Sr. and Jim S. Calton, Jr., *Calton & Calton,* Eufaul
Verdict: $45,000 for plaintiff
Circuit: **Barbour-Eufaula,** 8-23-01
Judge: Burt Smithart

Ozzie Jackson, age 60, lives in Eufa and on 3-4-99, the local Water Works digging in her yard. Particularly, it wa relocating water meters near the sidew: For reasons that aren't clear, on this da Jackson prepared to leave her house.

Entering her car, she started to drive away. However, Jackson didn't use th driveway, she drove directly across the yard. A moment later, her car collided with the hole, partially tilting into the When Jackson got out of the car, she stepped into the hole, twisting her kne

She has since treated for a meniscal with Dr. Francis Moll, Orthopedics at Hughston Clinic. He later performed arthroscopic repair. Jackson's medica bills are unknown.

In this lawsuit, Jackson sued the W: Works, criticizing it for failing to prop mark and otherwise barricade the dangerous hole. Water Works defend and postured that plaintiff's contribute negligence should defeat the claim.

Namely, it was her decision to drive car through the yard, not using the driveway. Then, her car hanging off-l in the hole, she stepped out of it. To i care, Water Works postured that the h was properly marked with an orange ( Damages were also diminished, defen noting that while injured on 3-4-99, Jackson did not first seek care until th middle of April.

Also for Warren was Dr. John Fanning, Internist, Huntsville, who added a second layer to the defense. While the infection was properly treated, Fanning thought, Sergent ultimately expired because of underlying cirrhosis, related to a history of alcohol abuse. This also implicated contributory fault, Warren explaining that if the alcoholism was properly disclosed before the hysterectomy, he likely would have consulted with an expert before performing it.

Deliberating ninety minutes, the verdict was for Warren, a jury in Huntsville awarding the estate nothing. A defense judgment followed.

## Underinsured Motorist -
**Tortfeasor's tire blew out and he crossed the interstate median; almost stopped in the opposite lane, plaintiff crashed into him**
*Smith v. Allstate*, 00-0054
Plaintiff: Jock M. Smith, Brian Strength and Tiffany N. Johnson, *Cochran Cherry Givens & Smith*, Tuskegee
Defense: Roger W. Varner, *Varner & Associates*, Birmingham
Verdict: $1,000,000 for plaintiff
Circuit: **Macon**, 2-6-03
Judge: Tom F. Young, Jr.

On 11-9-99, there was a near head-on collision on I-85. It occurred as Gazel Pettaway, sustained a tire blow-out. Losing control, he veered across the median into the path of oncoming traffic. Pettaway was almost able to bring his vehicle to a complete stop. At the same time, Harry Smith, age 59 and of Tallassee, could not stop in time. He crashed into Pettaway.

A moderate collision, no injury was reported at the scene. Smith has since treated for radiating neck and back pain. His course of treatment and incurred medicals are not known. Procedurally, he first moved against Pettaway, taking his policy limits. He then sought UIM benefits from his carrier, Allstate. The policy limits were $40,000. Allstate defended the case and minimized the claimed injury.

In his closing remarks, attorney Smith used Allstate's own commercial against it, telling a Tuskegee jury that his client "was not in good hands" as the insurer operated with "empty hands and a heavy-handed mind set."

The jury's verdict was for Smith and writing on the verdict form as "1 million," it far exceeded the $40,000 policy limits. A consistent judgment, reflecting the

limits followed, and has been satisfied by Allstate.
**Ed. Note** - A story that appeared in the *Tuskegee News* about this verdict mentioned several times that a $1,000,000 award had been secured. Nothing was said that the award was limited contractually to $40,000. The article did cite the famed-attorney Johnnie Cochran, the Los Angeles-based partner of the Tuskegee lawyers that tried the case -- Cochran remarked that he was proud of Strength and Johnson and their contribution to this case. Smith also remarked on the verdict, telling the newspaper "I am elated once again that a Macon County jury of God-fearing citizens tipped the scales of justice against a haughty and high-handed insurance company."

## Auto Negligence - As plaintiff prepared to turn out of a parking lot, he was struck by defendant who proceeded on the superior highway; defendant conceded the collision but blamed plaintiff for starting forward, appearing to pull into his path. Only then did defendant hit the brakes and skid into plaintiff
*Davidson v. Mainline Heating and Air Conditioning*, 02-0121
Plaintiff: Sanford D. Hatton, Jr., Pelham
Defense: Christopher J. Zulanas, *Friedman Leak & Bloom*, Birmingham
Verdict: Defense verdict
Circuit: **Shelby**, 1-16-03
Judge: D. Al Crowson

On 9-4-01, Jimmy Davidson, age 54, was exiting the Food World parking lot on Pelham, intending to make a left turn. At the same time, John Davenport, driving a pick-up for Mainline Heating & Air Conditioning, approached on the superior Lee Street. Davidson, a radiology technician at UAB, saw Davenport coming and came to a stop.

Davenport remembered differently. He too saw Davidson, but remembered him partially beginning to pull into the roadway. As importantly, he did so right into his path. Davenport hit the brakes in an attempt to minimize collision. At just that instant, Davidson stopped his assault onto Lee Street.

It was too late for a collision to be avoided. On a partially rain-slicked roadway, Davenport's pick-up slid directly into Davidson's sedan, intruding the driver's compartment of his Jeep. Davidson's most serious injury was a broken ankle.

In this action, Davidson sought damages from Davenport and his employer, blaming Davenport for havi skidded into him. Importantly, David postured that he was fully stopped and in Lee Street when hit. Davenport conceded as much but, recalling the fa dispute, noted that plaintiff suddenly started into his path, stopping again ju quickly. In response to that move, Davenport called it reasonable to hit th brakes, leading unfortunately to the ski and the collision. Plaintiff's best respo was that in any event, he was still in th parking lot.

Following a two-day jury trial, the verdict was for Davenport and his employer, Davidson taking nothing. A defense judgment followed and there w no appeal. Defendants' offer of judgm had been for $15,000.

## Police Assault - Pursu
**DUI charge, an Evergre charged into the suspect knocking suspect's wife on the porch in the process injuring her ankle**
*Oliver v. City of Evergreen*, 01-0090
Plaintiff: Paul M. Harden, Sr and Paul Harden, Jr., *Harden & Harden*, Monroeville and Reo Kirkland, Jr., Brewton
Defense: C. Winston Sheehan, Jr., *Ball Ball Matthews & Novak*, Montgomery
Verdict: Defense verdict
Circuit: **Conecuh**, 2-26-03
Judge: Samuel H. Welch, Jr.

On the night of 6-11-00, a state troop Matthew Kennedy, was involved in a D pursuit of Greg Oliver. The chase ende in Castleberry at Oliver's home. Oliver raced into his home, Kennedy continuin the pursuit on foot. Now inside the Oliv residence, Kennedy and Oliver struggle While Kennedy ultimately brought Oliv under control, he did send out a distressing call for back-up.

Sean Klaetsch, a police officer for the City of Evergreen, heard the call and raced to the scene. There would be fact disputes about what happened after his arrival. Klaetsch had one version. while Sabrina Oliver, age 35, recalled a differe set of facts.

From Sabrina's position, when Klaets arrived, she was standing on her porch. She remembered him pulling up in an unmarked vehicle. Further, he was not wearing a police uniform, but instead black clothing. Initially, Sabrina believe he was EMS personnel.

Still standing in the doorway, she